FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
8/18/2023 11:43 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

          Plaintiffs,

v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5,

          Defendants.

**EXHIBIT A**

No. D-101-CV-2022-00749
No. D-101-CV-2022-02372
Case assigned to Biedscheid, Bryan

STEVEN CHASAR,

          Plaintiff,

v.

DUBAI EXPRESS HAUL, LLC,
A FOREIGN CORPORATION;
ABDIFATAH MAHAMED ISMAIL and
JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE;
XPO LOGISTICS, LLC;
BEDROCK LOGISTICS, LLC;
JACOBSON LOGISTICS COMPANY;
JACOBSON TRANSPORTATION COMPANY INC.;
TRIDENT LEASING, INC.;
ABDIHAMID ABDULE, an individual;
JOHN and JANE DOES 2-5;
and ABC CORPORATIONS 6-10,

          Defendants.

1

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Steven Chasar, by and through his attorney of record, Timothy A. Loranger (*pro hac vice*) and Matthew P. French (*pro hac vice*) of Wisner Baum LLC; and Mallory Wolff of Weems Hazen Law, for his First Amended Complaint pursuant to NMSA § 41-2-4 and NMSA § 41-2-1 for wrongful death on behalf of the Estate of Stephanie Chasar, brings his First Amended Complaint against the Defendants as follows:

## PARTIES

1. Plaintiff Steven Chasar was the spouse of decedent, Stephanie Chasar at the time of this incident.

2. Plaintiff Steven Chasar was a resident of Arizona at the time of this incident.

3. Plaintiff Steven Chasar was the step-father of McKenna Alboreo and Zachary Alboreo at the time of this incident.

4. Upon information and belief Defendant ABDIFATAH MAHAMED ISMAIL (hereinafter "Defendant Ismail") is an individual who resides in Dawson County, Nebraska, and is an employee of Defendant Dubai Express Hauling, LLC. Defendant Ismail may be served with summons at his last known residence located at 1503 N. Erie St., Apt. 9, Lexington, NE 68850.

5. At all times relevant hereto, the Defendant Ismail was acting individually and on behalf of the marital community, if any, of Defendant Ismail and Jane Doe Mahamed Ismail, whose true name is unknown to Plaintiff.

6. Defendant DUBAI EXPRESS HAUL, LLC (hereinafter "Defendant Dubai") was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Dubai

as to all claims arising from those contacts. Defendant Dubai has no registered agent in this state. Defendant Dubai may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its registered agent, Abdikamil Ibrahim, 2108 N. Adams St., Apt. 4, Lexington, NE 68850.

7. Defendant XPO LOGISITICS, LLC (hereinafter "Defendant XPO"), originally identified as "ABC Corporation 1", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant XPO as to all claims arising from those contacts. Defendant XPO has no registered agent in this state. Defendant XPO may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its business address, 11215 N Community House Road, Charlotte, NC 28277.

8. Defendant BEDROCK LOGISITICS, LLC (hereinafter "Defendant Bedrock") originally identified as "ABC Corporation 2", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Bedrock as to all claims arising from those contacts. Defendant Bedrock has no registered agent in this state. Defendant Bedrock may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its business location, 2501 N. Harwood St. Suite 2600, Dallas, TX 75201.

9. Defendant JACOBSEN LOGISTICS COMPANY (hereinafter "Defendant Jacobsen Logistics"), originally identified as "ABC Corporation 3", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in

this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Jacobsen Logistics as to all claims arising from those contacts. Defendant Jacobsen Logistics has no registered agent in this state. Defendant Jacobsen Logistics may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 29562 Network Place, Chicago, IL 60673.

10. Defendant JACOBSEN TRANSPORTATION COMPANY, INC. (hereinafter "Defendant Jacobsen Transportation"), originally identified as "ABC Corporation 4", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Jacobsen Transportation as to all claims arising from those contacts. Defendant Jacobsen Transportation has no registered agent in this state. Defendant Jacobsen Transportation may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 1275 128th St., Clive, IA 50325.

11. Defendant TRIDENT LEASING, INC. (hereinafter "Defendant Trident"), originally identified as "ABC Corporation 5", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Trident as to all claims arising from those contacts. Defendant Trident has no registered agent in this state. Defendant Trident may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 2900 S City Lake Rd., Fayetteville, AR 72701.

12. Upon information and belief Defendant ABDIHAMID ABDULE, an individual, (hereinafter "Defendant Abdule"), originally identified as "John Doe 1", is an individual who resides in Dawson County, Nebraska, and was the owner of tractor unit operated by Defendant Dubai Express Hauling, LLC at the time of the highway collision. Defendant Abdule may be served with summons at his last known address located at 2108 North Adams St. Apt 4, Lexington, Nebraska 68850.

13. John and Jane Does 2-5 and ABC Corporations 6-10 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiff requests leave to amend this pleading when that information is discovered.

14. All of the acts and omissions of Defendants alleged in this First Amended Complaint were acts and omissions which occurred through their employees who were acting within the scope of their employment and are acts and omissions for which the Defendants are vicariously liable under theories of *respondeat superior*.

15. This First Amended Complaint is brought against all employees and agents of Defendants involved in this incident and against the officers, directors, managerial agents, supervisors, and safety personnel for Defendants who set policy or who play an active or passive role in the policy making and/or in the hiring, training, and supervision of the employees of the Defendants.

16. Defendants, as legal entities, can only act through their officers, directors, employees, members, and agents. As the employers of those who set policy and play either in an active or passive role in the hiring, training, and supervision of the employees and members, the

Defendants are responsible for their tortious acts and/or omissions which were the direct and proximate cause of the death of Stephanie Chasar.

17. With regard to all acts and omissions referred to in this First Amended Complaint, Defendants are responsible for their own, independent negligent acts and omissions as well as the acts and omissions of their employees, members, and agents, and are jointly and severally liable for the death and damages alleged in this First Amended Complaint.

## JURISDICTION AND VENUE

18. Jurisdiction and venue are proper in the District Court of Santa Fe, New Mexico, pursuant to N.M.S.A. Section 38-3-l(A and B) (1978). Santa Fe is the county in which Dennis P. Murphy, Esq., the personal representative of the Estate of Stephanie Chasar, resides.

19. In his representative capacity, Mr. Murphy has complained of wrongful death of Stephanie Chasar for the benefit of the statutory beneficiaries as authorized by NMSA §§ 41-2-1 and 41-2-4, in Santa Fe County, Case No. D-101-CV-2022-00749, before the Honorable Bryan Biedscheid.

## STATEMENT OF FACTS

20. On or about February 18, 2022, at approximately 8:00 p.m., Stephanie Chasar and her son, Mckenna Alboreo, were driving a U-Haul truck, traveling east on US Highway 54 in Quay County, New Mexico.

21. Upon information and belief, Defendant Ismail, in the course and scope of his employment with Defendant Dubai, was traveling west on US Highway 54 in Quay County, New Mexico, when he attempted to pass another semi-truck in a no passing lane and around a blind curve.

22. Upon information and belief Defendant Ismail was unable to complete his pass and while in the east lane of travel saw the Chasar vehicle and crashed head-on into it.

23. Defendant Ismail failed to properly and legally drive his vehicle in the correct lane causing this head-on collision with the Chasar/Alboreo vehicle.

24. As a result of this head-on collision with the Chasar/Alboreo vehicle, Stephanie Chasar was pronounced dead at the scene.

25. Stephanie Chasar is survived by her husband Steven Chasar, and her two adult sons, Zachary Alboreo and Mckenna Alboreo.

### COUNT 1 – NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

26. Plaintiff incorporates by reference the allegations contained in the preceding of this First Amended Complaint as if fully set forth herein.

*Negligence Per Se*

27. At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Stephanie Chasar and Mckenna Alboreo.

28. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendants Ismail and Dubai.

39. In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

30. There were in force and effect FMCSR regulations that may have been violated by Defendant Dubai, including but not limited to the following:

    a. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

7

  b. FMCSR 391.11 regarding driver qualifications;

  c. FMCSR 391.13 regarding driver training;

  d. FMCSR 391.25 regarding annual review of driver safety;

  e. FMCSR 391.27 regarding annual reports of driving violations;

  f. FMCSR 391.31 regarding driver road testing.

  g. FMCSR 391.51 regarding qualification and records files;

  h. FMCSR 395.3 regarding hours of operation; and,

  i. FMCSR 395.8 regarding driver duty status logs.

31. At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendant Ismail, including but not limited to the following:

  a. 66-7-30l(b)(l) NMSA (1978) requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

  b. 66-7-30l(b)(2) NMSA (1978) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

  c. 66-8-113 NMSA (1978) - reckless driving;

  d. 66-8-114 NMSA (1978) - careless driving;

  e. 65-3-11 NMSA (1978) - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

8

  f. 65-3-7 NMSA (1978) - qualifications of drivers;

  g. 65-3-8 NMSA (1978) - equipment; loading; driving; unsafe practices; and

  h. 65-3-9 NMSA (1978)  - commercial motor vehicles; equipment; regulations.

32. As a direct and proximate result of violations of the above statutes and regulations, Plaintiff has and will continue to suffer injuries and damages in an amount to be proved at trial.

33. At all times pertinent hereto, Defendant Ismail failed to act reasonably in his operation of the Defendant Dubai's tractor trailer. At the time of the incident, Defendant Ismail was acting as an agent or employee of Defendant Dubai within the course and scope of his employment. Defendant Dubai is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior.* As the owner of the tractor unit used by Dubai, Abdule is liable for damages.

34. Defendant Ismail was negligent and breached his duty to Stephanie Chasar and McKenna Alboreo, and the public, at the above time and place in at least the following respects:

  a. operating the vehicle in a careless and reckless manner;

  b. failing to have his vehicle under proper control;

  c. failing to safely apply brakes to avoid a collision;

  d. failing to maintain a safe speed;

  e. failing to keep a proper lookout; and

  f. failing to use due care.

35. As a direct and proximate result of Defendant Ismail's negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

36. Defendant Ismail's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

37. Defendant Dubai's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

*Negligent Hiring, Supervision, Training and Retention*

38. Upon information and belief, the tractor trailer driven by Defendant Ismail was owned by Defendant Abdule, operated by Defendant Dubai and was negligently entrusted to Defendant Ismail.

39. Defendant Dubai is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the road truck driver.

40. Defendant Dubai had a duty of care to hire, supervise and train its employees to drive their tractor trailer in a reasonable and safe manner.

41. Defendant Dubai breached its duty to exercise reasonable car and acted negligently and careless in hiring, supervising and training Defendant Ismail for the duties which Defendant Dubai could foresee and expect Defendant Ismail to perform in the course of his employment. As owner of the tractor unit, Abdule is also liable for breaches of duty.

42. As a direct and proximate result of Defendant's negligence, as set forth above, the Plaintiff has suffered injuries and damages in an amount to be proved at trial.

*Negligent Brokering, Leasing, and Trailer Ownership*

43. Upon information and belief, the tractor trailer driven by Defendant Ismail was hauling a trailer owned by Trident. The trailer was part of the vehicle causing the death of Stephanie Chasar. The trip to carry a load through New Mexico involved shipper/broker/carrier XPO Logistics, LLC, with Bedrock Logistics, LLC acting as shipper/broker/carrier, Jacobsen Logistics Company acting as shipper/broker/carrier/forwarding agent, with shipper/broker/carrier

Jacobsen Transportation Company. Said defendants had a duty of care in selecting the motor vehicle carrier who would carry the load broker and for which a trailer was provided.

44. Said defendants breached their duty to exercise reasonable care and acted negligently and carelessly in brokering the transportation of the cargo by selecting Dubai Express Haul LLC and providing a trailer to Dubai Express Haul LLC to transport the interstate cargo.

45. As a direct and proximate result of the negligence of defendants Trident, XPO Logistics, LLC, Bedrock Logistics, LLC, Jacobsen Logistics Company, and Jacobsen Transportation Company, Plaintiff has suffered injuries and damages in an amount to be proved at trial.

## COUNT II – LOSS OF CONSORTIUM
## AGAINST ALL DEFENDANTS

46. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this First Amended Complaint as if fully set forth herein.

47. Plaintiff had an intimate familial relationship with his spouse, Stephanie Chasar. Plaintiff cannot enjoy life in the same way now that Defendants have severed their relationship and caused the Plaintiff emotional distress due to the loss of the society, guidance, companionship, and sexual relations of his spouse.

48. It was reasonably foreseeable to the Defendants that, by causing Stephanie Chasar's death, they would damage Plaintiff's relationship with his spouse.

## COUNT III – DAMAGES
## AGAINST ALL DEFENDANTS

49. As a result of the acts and/or omissions of Defendants, Stephanie Chasar has suffered emotional distress and is entitled to an award for damages including, but not limited to the following:

    a. Severe emotional distress due to the death of Plaintiff's wife;

11

  b. Loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, advice, guidance, and training;

  c. Loss of benefits including the marital relationship.

50. Defendants' actions were malicious, willful, wanton, reckless, and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment be entered against the Defendants and in Plaintiff's favor awarding him damages as set forth above, punitive damages, pre-judgment and post-judgment interest, and court costs as allowed by law.

Dated: August 15, 2023

Respectfully submitted,

**WISNER BAUM LLP**

By: */s/ Timothy A. Loranger*
Timothy A. Loranger, Esq., *pro hac vice*
tloranger@wisnerbaum.com
Matthew P. French, Esq. *pro hac vice*
mfrench@wisnerbaum.com
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233 F: (310) 820-7444

**WEEMS HAZEN LAW**

By: */s/ Mallory Wolff*
Mallory Wolff
*Local Counsel for Plaintiff*
108 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 247-4700
mallory@weemshazenlaw.com
*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury in this case.

By: ***/s/ Mallory Wolff***
Mallory Wolff