FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
4/29/2022 4:31 PM
KATHLEEN VIGIL CLERK OF THE COURT
Judyn Martinez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

**EXHIBIT K**

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASAR,
DECEASED,

        Plaintiffs,

v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL and JANE DOE
MAHAMED ISMAIL, HUSBAND AND
WIFE; JOHN and JANE DOES 1-5; and ABC
CORPORATIONS 1-5.

        Defendants

No. D-101-CV-2022-00749

Case assigned to Biedscheid, Bryan

## COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH

Plaintiffs, Mckenna Alboreo and Dennis P. Murphy, Esq., as personal representative of the estate of Stephanie Chasar, deceased, in the above captioned cause, complaint of DUBAI EXPRESS HAUL, LLC, ABDIFATAH MAHAMED ISMAIL and JANE DOE MAHAMED ISMAIL, Defendants, and would respectfully show the Court as follows:

### PARTIES

1.     Plaintiff Mckenna Alboreo was a resident of Arizona at the time of this incident.

2.     Plaintiff Dennis P. Murphy, Esq. files this Complaint as Personal Representative of the Estate of Stephanie Chasar. Stephanie Chasar was a resident of Arizona at the time of her death. Dennis P. Murphy is a resident of Santa Fe, New Mexico.

3.      Upon information and belief, Defendant ABDIFATAH MAHAMED ISMAIL (hereinafter "Defendant Mahamed Ismail") is an individual who resides in Dawson County, Nebraska, and is an employee of Defendant Dubai Express Hauling, LLC.  Defendant Mahamed Ismail may be served with summons at his last known residence located at 1503 N. Erie St., Apt. 9, Lexington, NE 68850.

4.      At all times relevant hereto, the Defendant Mahamed Ismael was acting individually and on behalf of the marital community, if any, of Defendant Abdifatah Mahamed Ismail and Jane Doe Mahamed Ismail, whose true name is unknown to Plaintiff.

5.      Defendant DUBAI EXPRESS HAULING, LLC (hereinafter "Defendant Dubai") was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state.  As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Dubai as to all claims arising from those contacts.  Defendant Dubai has no registered agent in this state.  Defendant Dubai may be served as to all claims arising from those contacts. Defendant Dubai may be served in conformity with the requirements of NMSA 66-5-103 or through its registered agent, Abdikamil Ibrahim, 2108 N. Adams St., Apt. 4, Lexington, NE 68850.

6.      John and Jane Does 1-5 and ABC Corporations 1-5 are persons or entities whose conduct, true names and identities are unknown at this time.  Plaintiff requests leave to amend this pleading when that information is discovered.

1.      Jurisdiction and venue are proper in the District Court of Santa Fe, New Mexico, pursuant to N.M.S.A. Section 38-3-1(A and B) (1978).  Santa Fe is the county in which Plaintiff Dennis P. Murphy, Esq. resides.

2.  On or about February 18, 2022, at approximately 8:00 p.m., Stephanie Chasar and her son, Mckenna Alboreo, were driving a U-Haul truck, traveling east on US Highway 54 in Quay County, New Mexico.

3.  Upon information and belief, Defendant Mahamed Ismail, in the course and scope of his employment with Defendant Dubai, was traveling west on US Highway 54 in Quay County, New Mexico, when he attempted to pass another semi-truck in a no passing lane and around a blind curve.

4.  Upon information and belief, Defendant Mahamed Ismail was unable to complete his pass and while in the east lane of travel saw the Chasar/Alboreo vehicle, attempted to avoid it by moving his tractor trailer to the right and lost control of his vehicle.  Defendant Mahamed Ismail crashed head on into the Chasar/Alboreo vehicle.

5.  Defendant Mahamed Ismail failed to properly and legally drive his vehicle in the correct lane causing this head on collision with the Chasar/Alboreo vehicle.

6.  As a result of this head on collision with the Chasar/Alboreo vehicle, Mckenna Alboreo suffered severe injuries and Stephanie Chasar was pronounced dead at the scene.

7.  Stephanie Chasar is survived by her husband Steven Chasar, and her two adult sons, Zachary Alboreo and Mckenna Alboreo.

## COUNT 1 – NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANTS MAHAMED ISMAIL AND DUBAI

8.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 12 of this Complaint as if fully set forth herein.

*Negligence Per Se*

9.      At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Stephanie Chasar and Mckenna Alboreo.

10.      The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendants Mahamed Ismail and Dubai.

11.      In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

12.      There were in force and effect FMCSR regulations that may have been violated by Defendant Dubai, including but not limited to the following:

    A.      FMCSR 383.35 and 391.23 regarding background investigation of drivers;

    B.      FMCSR 391.11 regarding driver qualifications;

    C.      FMCSR 391.13 regarding driver training;

    D.      FMCSR 391.25 regarding annual review of driver safety;

    E.      FMCSR 391.27 regarding annual reports of driving violations;

    F.      FMCSR 391.31 regarding driver road testing.

    G.      FMCSR 391.51 regarding qualification and records files;

    H.      FMCSR 395.3 regarding hours of operation; and,

    I.      FMCSR 395.8 regarding driver duty status logs.

13.      At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendant Mahamed Ismail, including but not lmited to the following:

A.      66-7-301(b)(1) NMSA (1978) – requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

B.      66-7-301(b)(2) NMSA (1978) – in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

C.      66-8-113 NMSA (1978) – reckless driving;

D.      66-8-114 NMSA (1978) – careless driving;

E.      65-3-11 NMSA (1978) – hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

F.      65-3-7 NMSA (1978) – qualifications of drivers;

G.      65-3-8 NMSA (1978) – equipment; loading; driving; unsafe practices; and

H.      65-3-9 NMSA (1978) – commercial motor vehicles; equipment; regulations.

14.     As a direct and proximate result of violations of the above statutes and regulations, Plaintiffs have and will continue to suffer injuries and damages in an amount to be proved at trial.

15.     At all times pertinent hereto, Defendant Mahamed Ismail failed to act reasonably in his operation of the Defendant Dubai's tractor trailer.  At the time of the incident, Defendant Mahamed Ismail was acting as an agent or employee of Defendant Dubai within the course and scope of his employment.  Defendant Dubai is liable for the acts or omissions of their employees,

agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior.*

16.     Defendant Mahamed Ismail was negligent and breached his duty to Stephanie Chasar and McKenna Alboreo, and the public, at the above time and place in at least the following respects:

        A.    operating the vehicle in a careless and reckless manner;

        B.    failing to have his vehicle under proper control;

        C.    failing to safely apply brakes to avoid a collision;

        D.    failing to maintain a safe speed;

        E.    failing to keep a proper lookout; and

        F.    failing to use due care.

17.     As a direct and proximate result of Defendant Mahamed Ismail's negligence, as set forth above, Plaintiffs suffered serious injuries and damages in an amount to be proven at trial.

18.     Defendant Mahamed Ismail's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

19.     Defendant Dubai's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiffs are entitled to an award of punitive damages.

***Negligent Hiring, Supervision, Training and Retention***

20.     Upon information and belief, the tractor trailer driven by Defendant Mahamed Ismail was owned by Defendant Dubai and was negligently entrusted to Defendant Mahamed Ismail.

21.     Defendant Dubai is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the road truck driver.

22.     Defendant Dubai had a duty of care to hire, supervise and train its employees to drive their tractor trailer in a reasonable and safe manner.

23.     Defendant Dubai breached its duty to exercise reasonable car and acted negligently and careless in hiring, supervising and training Defendant Mahamed Ismail for the duties which Defendant Dubai could foresee and expect Defendant Mahamed Ismail to perform in the course of his employment.

24.     As a direct and proximate result of Defendant's negligence, as set forth above, the Plaintiffs have suffered injuries and damages in an amount to be proved at trial.

25.     Defendants' actions were malicious, willful, wanton, reckless, and/or grossly negligent Plaintiffs are entitled to an award of punitive damages.

## COUNT 2 – DAMAGES

*Personal Injuries to McKenna Alboreo*

26.     As a result of the acts and/or omissions of Defendants, Mckenna Alboreo has suffered serious and permanent injuries.  Mckenna Alboreo is entitled to an award for damages including, but not limited to the following:

        a.     Reasonable expenses of necessary medical care and treatment;

        b.     The pain and suffering experienced;

        c.     The value of lost earnings and earning capacity;

        d.     Any other actual or special damages in an amount to be proved at trial and as allowed by law; and

        e.      Punitive damages in the maximum amount allowed by law in the

maximum amount.

*Wrongful death of Stephanie Chasar*

27.      As a result of the acts and/or omissions of Defendants, Stephanie Chasar has died.

Accordingly, the Estate of Stephanie Chasar is entitled to award of damages including, but not

limited to, the following:

        a.      Reasonable expenses of necessary medical care and treatment;

        b.      Reasonable expenses of funeral and burial costs;

        c.      The pain and suffering experienced by the decedent between the time of

injuries and her death;

        d.      The value of lost earnings and earning capacity, and the value of the lost

household services of the decedent;

        e.      The value of the decedents' life apart from their earning capacities;

        f.      The loss to the beneficiaries of other expected benefits having a monetary

value;

        g.      The mitigating or aggravating circumstances attending the wrongful act;

        h.      Any other actual or special damages in an amount to be proved at trial and

as allowed by law; and

        i.      Punitive damages in the maximum amount allowed by law in the maximum

amount.

28.      Defendants' actions were malicious, willful, wanton, reckless and/or grossly

negligent and Plaintiffs are seeking punitive damages.

29.     Plaintiffs also seek all costs of court and pre-judgment interest in the maximum

amount allowed by law.

WHEREFORE, Plaintiffs demand judgment be entered against the Defendants and in

Plaintiffs' favor awarding them damages as set forth above, punitive damages, pre-judgment and

post-judgment interest and court costs as allowed by law.

Dated:  April 29, 2022

Respectfully Submitted,

BREYER LAW OFFICES, P.C.

/s Heather A. Cornwell
Heather A. Cornwell
3840 E. Ray Road
Phoenix, AZ  85044
Telephone:  (480) 496-7309
Facsimile:  (480) 496-7311
Email:  minutes@breyerlaw.com

## JURY DEMAND

Plaintiffs hereby respectfully demand a trial by jury in this case.

/s/ Heather A. Cornwell
Heather A. Cornwell

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/10/2022 3:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jessica Baca

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

           Plaintiffs,

v.                                                          No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

           Defendants.

## ENTRY OF APPEARANCE

    **COMES NOW** the law firm of STIFF, GARCIA & ASSOCIATES, LLC and hereby

enters its appearance for and on behalf of Defendant DUBAI EXPRESS HAUL, LLC, A

FOREIGN CORPORATION and ABDIFATAH MAHAMED ISMAIL.

           Respectfully submitted,

           STIFF, GARCIA & ASSOCIATES, LLC

           By */s/ John S. Stiff*
              John S. Stiff, Esq.
              500 Marquette Avenue, NW, Ste 1400
              Albuquerque, New Mexico 87102
              (505) 243-5755
              jstiff@stifflaw.com
              *Attorney for Defendant*

    I HEREBY CERTIFY that on the 10th day of June, 2022, the foregoing was
electronically filed through the Odyssey File & Serve system, which caused the

00425410                                      1

following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:          (480) 660-4432
                (480)496-7309
E-mail:         mintues@breyerlaw.com
Attorney for Plaintiffs


*/s/ John S. Stiff*
John S. Stiff, Esq.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/10/2022 3:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jessica Baca

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

                Plaintiffs,

v.                              No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

                Defendants.

## DEFENDANT DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION AND ABDIFATAH MAHAMED ISMAIL'S ANSWER TO COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH

COMES NOW the Defendants, Dubai Express Haul, LLC. a Foreign Corporation and Abdifatah Mahamed Ismail by and through their attorney of record STIFF, GARCIA & ASSOCIATES, LLC. (John S. Stiff, Esq.), and for their Answer to Plaintiff's Complaint for Personal Injuries and Wrongful Death states as follows:

## PARTIES

1.      Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

00425423                        1

2.      Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

3.      Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

5.      The allegations contained in Paragraph 5 of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed as against these Defendants, these Defendants lack authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.   If the Court finds that a response is required, these allegations are denied.

7.      The allegations contained in Paragraph 7 (mis-numbered 1) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules

of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

8.     Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 8 (mis-numbered 2) of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

9.     Regarding the allegations in the 9th paragraph, misnumbered 3, Defendants admit, Defendant Mahamed Ismail, in the course and scopes of his employment with Defendant Dubai, was traveling west on US Highway 54 in Quay County, New Mexico. Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the remaining allegations contained in Paragraph 9 (mis-numbered 3) of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

10.     Defendants deny the allegations contained in Paragraph 10 (mis-numbered 4) of Plaintiff's Complaint and demands strict proof thereof.

11.     Defendants deny the allegations contained in Paragraph 11 (mis-numbered 5) of Plaintiff's Complaint and demands strict proof thereof.

12.     Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 12 (mis-numbered 6) of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

13.     Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 13 (mis-numbered 7) of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

## COUNT 1 – NEGLIGENCE AND NEGLIGENCE PER SE OF DEFENDANTS MAHAMED ISMAIL AND DUBAI

14.     Defendants re-allege Paragraphs 1-13 of their Answer and incorporates them herein.

## NEGLIGENCE PER SE

15.     The allegations contained in Paragraph 15 (mis-numbered 9) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

16.     The allegations contained in Paragraph 16 (mis-numbered 10) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

17.     The allegations contained in Paragraph 17 (mis-numbered 11) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

18.     Defendants admit FMCSR regulations were in force and effect. Defendants deny the remaining allegations contained in Paragraph 18 subparts "A" through "I" (mis-numbered 12) of Plaintiff's Complaint and demands strict proof thereof.

19.     Defendants admit FMCSR regulations were in force and effect at the time of the aforesaid collision. Defendants deny the remaining allegations contained in Paragraph 19 subparts "A" through "H" (mis-numbered 13) of Plaintiff's Complaint and demands strict proof thereof.

20.     Defendants are without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 20 (mis-numbered 14) of Plaintiff's Complaint and placing their denial upon the same, demands strict proof thereof.

21.     Defendants deny the allegations contained in Paragraph 21 (mis-numbered 15) of Plaintiff's Complaint and demands strict proof thereof.

22.     Defendants deny the allegations contained in Paragraph 22 subparts "A" through "F" (mis-numbered 16) of Plaintiff's Complaint and demands strict proof thereof.

23.     Defendants deny the allegations contained in Paragraph 23 (mis-numbered 17) of Plaintiff's Complaint and demands strict proof thereof.

24.     Defendants deny the allegations contained in Paragraph 24 (mis-numbered 18) of Plaintiff's Complaint and demands strict proof thereof.

25.     Defendants deny the allegations contained in Paragraph 25 (mis-numbered 19) of Plaintiff's Complaint and demands strict proof thereof.

**NELGIGENT HIRING, SUPERVISION, TRAINING AND RETENTION**

26.     Defendants deny the allegations contained in Paragraph 26 (mis-numbered 20) of Plaintiff's Complaint and demands strict proof thereof.

27.     The allegations contained in Paragraph 27 (mis-numbered 21) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

28.     The allegations contained in Paragraph 28 (mis-numbered 22) of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

29.     Defendants deny the allegations contained in Paragraph 29 (mis-numbered 23) of Plaintiff's Complaint and demands strict proof thereof.

30.     Defendants deny the allegations contained in Paragraph 30 (mis-numbered 24) of Plaintiff's Complaint and demands strict proof thereof.

31.     Defendants deny the allegations contained in Paragraph 31 (mis-numbered 25) of Plaintiff's Complaint and demands strict proof thereof.

## COUNT 2 - DAMAGES

32.     Defendants deny the allegations contained in Paragraph 32 subparts "A" through "E" (mis-numbered 26) of Plaintiff's Complaint and demands strict proof thereof.

## WRONGFUL DEATH OF STEPHANIE CHASER

33.     Defendants deny the allegations contained in Paragraph 33 subparts "A" through "I" (mis-numbered 27) of Plaintiff's Complaint and demands strict proof thereof.

34.     Defendants deny the allegations contained in Paragraph 34 (mis-numbered 28) of Plaintiff's Complaint and demands strict proof thereof.

35.     The allegations contained in Paragraph 35 (mis-numbered 29) of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by these Defendants, these allegations are denied, and strict proof is demanded thereof.

## AFFIRMATIVE DEFENSES

As separate and alternative affirmative defenses, this Defendant states as follows:

1.      To the extent a jury determines that Defendants were negligent, which is specifically denied, this Complaint shall be governed by the doctrines of Comparative Fault and Comparative Negligence.   Plaintiff's recovery as against Defendants will be barred or reduced in proportion to the negligence and/or comparative fault of Plaintiff and/or third parties who are not employed by or otherwise under the control of Defendants, thereby barring such recovery or reducing such recovery in an amount proportionate.

2.      To the extent discovery so warrants, Plaintiff may have failed to mitigate their damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

3.      Plaintiff's Complaint fails to state a claim for which relief can be granted, either in whole or in part, thereby barring recovery herein.

4.      The award of punitive damages against Defendants would violate provisions of the New Mexico and United States Constitutions.  The procedures for awards of punitive damages in New Mexico do not provide safeguards adequate to ensure due process is guaranteed by the Fourteenth Amendment to the United States Constitution in that:

a.      There are no statutory limits placed on the amount of punitive damage that a jury may award;

b.      The jury is insufficiently limited in its discretion to award punitive damages;

c.      The "preponderance of evidence" standard of proof, is not high enough to satisfy due process where a Defendant faces a punitive damage award.

5.      Plaintiff's Complaint for pre- and post-judgment interest fails to state a claim for which relief can be granted, thereby barring recovery herein.

6.      Plaintiff's Complaint is barred by the Doctrine of Independent and Intervening Cause or Force, thereby barring recovery herein.

7.      Plaintiff suffered no injury or damage as a result of any act or failure to act of this Defendant.

8.      Plaintiff's Complaint for negligence per se is barred by the doctrine of excuse or justification in that the Defendant did that which a reasonable person would have done who desired to comply with the law.

To the extent further discovery indicates additional affirmative defenses the Defendant(s) may raise additional matters through motion or in such other manner the Court

WHEREFORE, Defendants Dubai Express Haul, LLC, a Foreign Corporation and Abdifatah Mahamed Ismail, having answered Plaintiff's Complaint, prays that the Complaint be dismissed with prejudice, for an award of costs and attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By /s/ John S. Stiff
John S. Stiff, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
(505) 243-5755
jstiff@stifflaw.com
Attorney for Defendant

I HEREBY CERTIFY that on the 10th day of June, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:        (480) 660-4432
              (480)496-7309
E-mail:       mintues@breyerlaw.com
Attorney for Plaintiffs

/s/ John S. Stiff
John S. Stiff, Esq.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
6/10/2022 3:43 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jessica Baca

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

            Plaintiffs,

v.                                                    No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

            Defendants.

## <u>JURY DEMAND</u>

    **COMES NOW** the Defendants, DUBAI EXPRESS HAUL, LLC, A FOREIGN

CORPORATION and ABDIFATAH MAHAMED ISMAIL, by and through their counsel of

record, STIFF, GARCIA & ASSOCIATES, LLC (John S. Stiff, Esq.), and hereby

demands a jury of twelve (12) persons.

                    Respectfully submitted,

                    STIFF, GARCIA & ASSOCIATES, LLC

            By */s/ John S. Stiff*_____
               John S. Stiff, Esq.
               500 Marquette Avenue, NW, Ste 1400
               Albuquerque, New Mexico 87102
               (505) 243-5755
               jstiff@stifflaw.com
               *Attorney for Defendant*

00425412                                    1

I HEREBY CERTIFY that on the 10th day of June, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:        (480) 660-4432
              (480)496-7309
E-mail:       mintues@breyerlaw.com
Attorney for Plaintiffs


*/s/ John S. Stiff*
John S. Stiff, Esq.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/13/2022 5:37 PM
KATHLEEN VIGIL CLERK OF THE COURT
Marquel Gonzales-Aragon

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

          Plaintiffs,

v.                              No.:   D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

          Defendants.

## <u>CERTIFICATE OF SERVICE</u>

    **COMES NOW** the Defendants, DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION, and ABDIFATAH MAHAMED ISMAIL, and hereby certifies that a true and correct copy of ***Defendants' First Set of Interrogatories to Plaintiff McKenna Alboreo and Plaintiff Dennis P. Murphy as the Personal Representative of the Estate of Stephanie Chaser and  Defendants' First Set of Request for Production of Documents to Plaintiff McKenna Alboreo and Plaintiff  Dennis P. Murphy as Personal Representative of the Estate of Stephanie Chaser***, along with a true and correct copy of this Certificate of Service, were served to Plaintiffs' counsel of record, Heather A. Cornwell, Esq., (Breyer Law Offices, P.C), Timothy A. Lonranger, Esq., and Matthew French, Esq. (Baum Hedlund Law) via electronic mail at heather@breyerlaw.com, TLoramger@baumhedlundlaw.com, and mfrench@baumhedlundlaw.com, on this 12th day of September 2022.

                          Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC


By /s/ John S. Stiff
    John S. Stiff, Esq.
    500 Marquette Avenue, NW, Ste 1400
    Albuquerque, New Mexico 87102
    Phone:      (505) 243-5755
    E-mail:     jstiff@stifflaw.com
    *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of September 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:          (480) 660-4432 X 5221
E-mail:         heather@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

Timothy A., Loranger, Esq.
Mathew French, Esq.
Baum, Hedlund, Aristei & Goldman
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
And
80 East Sir Francis Drake Boulevard, Suite 3J
Larkspur, CA 94939
And
2101 L Street, N.W., Suite 800
Washington, D.C 20037
Phone:          (310) 207-3233
E-mail:         TLoramger@baumhedlundlaw.com
                MFrench@baumhedlundlaw.com
*Attorneys for Plaintiff Dennis P. Murphy as*
*The Personal Representative of*
*Estate of Steven Chaser*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
9/12/2022 11:40 AM
KATHLEEN VIGIL CLERK OF THE COURT
Liliana M Villalobos

**FIRST JUDICIAL DISTRICT COURT**
**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASAR,
DECEASED,

        Plaintiffs,

v.

        No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL and JANE DOE
MAHAMED ISMAIL, HUSBAND AND
WIFE; JOHN and JANE DOES 1-5; and ABC
CORPORATIONS 1-5.

        Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that pursuant to New Mexico Rules of Civil Procedure for

District Courts 1-033, 1-034 and 1-036, Plaintiff through undersigned counsel

propounded Requests for Admission, Non-uniform Interrogatories and Requests for

Production on Defendants Dubai Express Haul, LLC and Abdifatah Mahamed Ismail on

September 12, 2022.  The requests were served upon defendant's counsel, John Stiff, via

email at:  JStiff@stifflaw.com.  Additionally, they were served on Mr. Stiff's paralegal,

Elizabeth Armenta via email at: ejarmenta@stifflaw.com.

///

Copies were also sent via regular mail to:

      John S. Stiff, Esq.
      Stiff, Garcia & Associates, LLC
      500 Marquette Avenue, NW, Ste 1400
      Albuquerque, NM  87102
      (505) 243-5755
      jstiff@stifflaw.com
      Attorneys for Defendants


Dated:  September 12, 2022

              Respectfully Submitted,

              BREYER LAW OFFICES, P.C.

              /s Heather A. Cornwell
              Heather A. Cornwell
              3840 E. Ray Road
              Phoenix, AZ  85044
              Telephone:  (480) 496-7309
              Facsimile:  (480) 496-7311
              Email:  minutes@breyerlaw.com

     I HEREBY CERTIFY that on the 12th day of September, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

      STIFF, GARCIA & ASSOCIATES, LLC
      John S. Stiff, Esq.
      500 Marquette Ave., NW, Ste. 1400
      Albuquerque, NM  87102
      Email:  jstiff@stifflaw.com
      Attorney for Defendants

/s/ Heather Cornwell
Heather Cornwell, Esq.

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/1/2022 11:41 AM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

     Plaintiffs,

v.            No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

     Defendants.

### DEFENDANT ABDIFATAH MAHAMED ISMAIL'S OPPOSED MOTION TO STAY PENDING RESOLUTION OF PARALLEL CRIMINAL CASE OR, ALTERNATIVELY, FOR A STAY OF DISCOVERY

  The Defendant, ABDIFATAH MAHAMED ISMAIL ("Mahamed Ismail"), by and through his attorneys of record, STIFF, GARCIA & ASSOCIATES LLC (John S. Stiff, Esq., Edward F. Snow, Esq., and Lyman Paul, Esq.), pursuant to the Constitutions of the United States and the State of New Mexico, hereby moves for an Order exercising the inherent authority of this Court to stay this litigation until such time as a pending criminal case against him has resolved, or, in the alternative, to stay discovery until such time.

  As grounds for this Motion, Defendant Mahamed Ismail states as follows:

1.      Plaintiffs' <u>Complaint for Personal Injury and Wrongful Death</u> (<u>Complaint</u>) was filed on April 29, 2022.

2.      Plaintiff alleges that on February 6, 2021, Defendant Mahamed Ismail failed to "properly and legally" drive his vehicle in the correct lane causing a head-on collision with another vehicle resulting in injuries to Mckenna Alboreo and the death of Stephanie Chasar.  <u>Complaint</u> at ¶¶ 5,6.

4.      As a result of the incident giving rise to the <u>Complaint</u>, Defendant Mahamed Ismail has been charged in the Tenth Judicial Magistrate Court with Homicide by Vehicle (reckless) and Great Bodily Harm by Vehicle (reckless), in Cause Number M-40-FR-2022-00037.  Exhibit A, <u>Criminal Complaint</u>.

5.      A warrant for Mr. Ismail's arrest has been issued.

6.      The Fifth Amendment to the United States Constitution provides that no person "shall be compelled in any criminal case to be a witness against himself."

7.      Article II, Section 15 of the New Mexico Constitution provides that "[n]o person shall be compelled to testify against himself in a criminal proceeding."

8.      To protect their Fifth Amendment privilege, litigants in civil actions may assert their privilege against self-incrimination and refuse to reveal information properly subject to it.  *U.S. v. Kordel*, 397 U.S. 1, 7-8 (1970); *Mid-America Process Serv. V. Ellison,* 767 F.2d 684, 686 (10th Cir. 1985); *Sanchez v. Brokop*, 398 F.Supp. 2d 1177 (DNM 2005).

9.      The Fifth Amendment guarantees "the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, *and to suffer no penalty . . . for such silence*."  *Malloy v. Hogan*, 378 U.S. 1, 8 (1966) (italics supplied);

*see also*, *Spevack v. Klein*, 385 U.S. 511, 514 n.2 (1967); *Chamberlin v. City of Albuquerque*, 2003 WL 24130247 (DNM 2003) at 3.

10.     This Court possesses inherent power to stay this litigation under these circumstances.  *See Chamberlin*, 2003 WL 24130247 (DNM 2003) at 5 (a district court may stay civil proceedings pending the outcome of parallel criminal proceedings).

11.     Moreover, the stay should be left in place "until the threat of criminal prosecution [is] over."  *Chamberlin*, 2003 WL 24130247 (DNM 2003) at 5 and at 4 (discussing staying the litigation until the threat of criminal prosecution has passed or the applicable criminal statute of limitation has expired).

12.     Mr. Ismail would be unnecessarily prejudiced by answering Plaintiff's first written discovery requests.  Without a stay, Mr. Ismail could not defend himself against Plaintiff's claims because he would be forced to potentially waive his entire Fifth Amendment right, even if he waived only a portion of it.  *See generally, People v. Hicks*, 548 N.E.2d 1042 (Ill. 1989).  The inability to defend oneself in a civil suit is a stiff penalty arising from the invocation of the 5th Amendment privilege, yet the idea that a party should not suffer adverse consequences from invoking the 5th Amendment is deeply rooted in our law.  *See, e.g., Mid-America's Process Serv. v. Ellison*, 767 F.2d 684 (10th Cir. 1985).

13.     Other than granting a stay, the Court also has the authority to take other steps to protect a defendant from having to choose between incriminating himself in a criminal prosecution and defending himself in a civil lawsuit, such as postponing the time to answer discovery. *See, Mid-America's Process Serv. v. Ellison*, 767 F.2d 684

(10th Cir. 1985) (discussing alternatives such as postponing discovery or the entry of a protective order prohibiting public dissemination of information learned in discovery).

14.     Plaintiff opposes the relief requested in this motion.

WHEREFORE, for the reasons set forth above, Defendant Mahamed Ismail hereby respectfully requests that this Court enter an order staying this litigation as to him, or, in the alternative, staying all discovery as to him, until such time as the parallel criminal prosecution has concluded, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By */s/ John S. Stiff*
John S. Stiff, Esq.
Edward F. Snow, Esq.
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:      (505) 243-5755
E-Mail:       jstiff@stifflaw.com
                   fsnow@stifflaw.com
                   lpaul@stifflaw.com
*Attorneys for Defendants*

I HEREBY CERTIFY that on the 1st day of November, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:      (480) 660-4432
                (480)496-7309
E-mail:     mintues@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

Timothy A., Loranger, Esq.
Mathew French, Esq.
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Phone:        (310) 207-3233
E-Mail:        TLoramger@baumhedlundlaw.com
                   MFrench@baumhedlundlaw.com
Attorney for Plaintiff the Estate of Stephanie Chaser


 /s/ John S. Stiff
John S. Stiff, Esq.
Edward. F. Snow, Esq.
Lyman S. Paul, Esq.

EXHIBIT A

## STATE OF NEW MEXICO

```
FILED IN
QUAY CO. MAGISTRATE CT.

MAR 3 1 2022

FILED BY  NE
```

### IN THE TENTH JUDICIAL MAGISTRATE COURT
QUAY COUNTY

STATE OF NEW MEXICO,                    PLAINTIFF,

vs.                                     No. M-40-FR-2022-37

NAME:   MAHAMED, ABDIFATAH

D.O.B.:   01/01/1992

S.S.N.:   UNKNOWN

ADDRESS: 1503 N ERIE ST APT 9

       LEXINGTON    NE    68850

## CRIMINAL COMPLAINT

**CRIME 1: Homicide by vehicle (reckless)**

**CRIME 2:  Great bodily harm by vehicle (reckless)**

The undersigned, being duly sworn on oath, complains and says that on or about the 17TH day of FEBRUARY, 2022 in QUAY County, State of New Mexico, the above-named defendant did:

**CRIME 1: Homicide by vehicle (reckless) (0017)**

the above-named defendant operated a motor vehicle in a reckless manner and caused the death of (STEPHANIE CHASAR), a third degree felony resulting in the death of a human being, contrary to NMSA 1978, Section 66-8-101(A) (2016).

**CRIME 2: Great bodily harm by vehicle (reckless) (1463)**

the above-named defendant operated a motor vehicle in a reckless manner and caused great bodily harm to (MCKENNA ALBOREO), a third degree felony, contrary to NMSA 1978, Section 66-8-101(B) (2016).

SWEAR OR AFFIRM UNDER PENALTY OF PERJURY THAT THE FACTS SET FORTH ABOVE ARE TRUE TO THE BEST OF MY INFORMATION AND BELIEF. I UNDERSTAND THAT IT IS A CRIMINAL OFFENCE SUBJECT TO THE PENALTY OF IMPRISONMENT TO MAKE A FALSE STATEMENT IN A CRIMINAL COMPLAINT.

If Probable Cause Determination required:

Probable Cause Found **X**; Not Found

(if not found, complaint dismissed &

defendant released)

Approved:

Date: 3/21/2022

Judge

[5-208, 6-204, 7-204, 8-203]

JUSTIN HARE Complainant

PATROLMAN

New Mexico State Police

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
11/1/2022 11:41 AM
KATHLEEN VIGIL CLERK OF THE COURT
Veronica Romero-Padilla

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

        Plaintiffs,

v.                              No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

        Defendants.

## <u>DEFENDANTS REQUEST HEARING</u>

1.    Assigned Judge:    **Honorable Bryan Biedscheid**

2.    Type of Case:    **Civil**

3.    Date(s) of any hearing(s) presently set:    **None**

4.    Specific matter(s) to be heard upon this request:    **Defendant Abdifatah Mahamed Ismail's Opposed Motion to Stay Pending Resolution of Parallel Criminal Case or, Alternatively, for a Stay of Discovery**

5.    Estimated total time required for hearing:    **Thirty (30) minutes**

6.    Attach separate sheet listing names, addresses and telephone numbers of all counsel and parties pro se entitled to notice.

        Respectfully submitted,

        STIFF, GARCIA & ASSOCIATES, LLC

        By  _/s/ John S. Stiff_      

John S. Stiff, Esq.
Edward F. Snow, Esq.
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:      (505) 243-5755
E-Mail:      jstiff@stifflaw.com
             fsnow@stifflaw.com
             lpaul@stifflaw.com
*Attorneys for Defendants*

    I HEREBY CERTIFY that on the 1st day of November, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:      (480) 660-4432
            (480)496-7309
E-mail:     mintues@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

Timothy A., Loranger, Esq.
Mathew French, Esq.
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Phone:      (310) 207-3233
E-Mail:     TLoramger@baumhedlundlaw.com
            MFrench@baumhedlundlaw.com
Attorney for Plaintiff the Estate of Stephanie Chaser


 */s/ John S. Stiff*
John S. Stiff, Esq.
Edward. F. Snow, Esq.
Lyman S. Paul, Esq.

**PARTIES ENTITLED TO NOTICE:**


Heather A. Cornwell, Esq.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:      (480) 660-4432
              (480)496-7309
E-mail:      mintues@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

Timothy A., Loranger, Esq.
Mathew French, Esq.
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Phone:      (310) 207-3233
E-Mail:      TLoramger@baumhedlundlaw.com
              MFrench@baumhedlundlaw.com
Attorney for Plaintiff the Estate of Stephanie Chaser

John S. Stiff, Esq.
Edward F. Snow, Esq.
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:      (505) 243-5755
E-Mail:      jstiff@stifflaw.com
              fsnow@stifflaw.com
              lpaul@stifflaw.com
*Attorneys for Defendants*

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
11/23/2022 5:48 PM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

          Plaintiffs,

v.                                          No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

          Defendants.

## CERTIFICATE OF SERVICE

**COMES NOW** the Defendant, DUBAI EXPRESS HAUL, LLC, and hereby certifies that a true and correct copy of *Defendant Dubai Express Haul, LLC's Responses and Answers to Plaintiff's Request for Admission and Interrogatories to defendant Dubai Express Haul, LLC; and Defendant Dubai Express Haul, LLC's Responses to Plaintiff's Request for Production of Documents to Defendant Dubai Express Haul, LLC,* along with a true and correct copy of this Certificate of Service, were served to Plaintiffs' counsel of record, Heather A. Cornwell, Esq., (Breyer Law Offices, P.C), Timothy A. Loranger, Esq., and Matthew French, Esq. (Baum Hedlund Law) via electronic mail at heather@breyerlaw.com, TLoranger@BaumHedlundLaw.com, and MFrench@baumhedlundlaw.com, on this 23rd day of November 2022.

          Respectfully submitted,

          STIFF, GARCIA & ASSOCIATES, LLC

00472232                                    1

By /s/ John S. Stiff
John S. Stiff, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:        (505) 243-5755
E-mail:        jstiff@stifflaw.com
*Attorney for Defendants*

I HEREBY CERTIFY that on the 23rd day of November, 2022, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:        (480) 660-4432 X 5221
E-mail:        heather@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

Timothy A., Loranger, Esq.
Mathew French, Esq.
Baum, Hedlund, Aristei & Goldman
10940 Wilshire Boulevard, Suite 1600
Los Angeles, CA 90024
And
80 East Sir Francis Drake Boulevard, Suite 3J
Larkspur, CA 94939
And
2101 L Street, N.W., Suite 800
Washington, D.C 20037
Phone:        (310) 207-3233
E-mail:        TLoranger@baumhedlundlaw.com
                MFrench@baumhedlundlaw.com
*Attorneys for Plaintiff Dennis P. Murphy as*
*The Personal Representative of*
*Estate of Steven Chaser*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
5/1/2023 11:22 AM
KATHLEEN VIGIL CLERK OF THE COURT
Marquel Gonzales-Aragon

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

     Plaintiffs,

v.           No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

     Defendants.

<u>**NOTICE OF COMPLETION OF BRIEFING**</u>

  Comes Now the Defendant Abdifatah Mahamed Ismail ("Mahamed Ismail"),, by

and through his counsel of record, John S. Stiff & Associates, LLC (John S. Stiff, Esq.)

and gives notice that briefing is complete on Defendant Abdifatah Mahamed Ismail's

Opposed Motion to Stay Pending Resolution of Parallel Criminal Case, or Alternatively,

for a Stay of Discovery.  The following pleadings are part of the briefing package:

1) Defendant filed Abdifatah Mahamed Ismail's Opposed Motion to Stay
   Pending Resolution of Parallel Criminal Case, or Alternatively, for a Stay of
   Discovery filed on November 1, 2022;

2) Plaintiffs' response to Defendant Abdifatah Mahamed Ismail's Opposed
   Motion to Stay Pending Resolution of Parallel Criminal Case, or Alternatively,
   for a Stay of Discovery was due on or before November 19, 2022.

    {00502078}       1

3) To date, Plaintiffs have not responded to Defendant Abdifatah Mahamed Ismail's Opposed Motion to Stay Pending Resolution of Parallel Criminal Case, or Alternatively, for a Stay of Discovery

This matter is ready for decision.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

*/s/ John S. Stiff*
John S. Stiff, Esq.
Edward F. Snow, Esq.
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:    (505) 243-5755
E-Mail:    jstiff@stifflaw.com
            fsnow@stifflaw.com
            lpaul@stifflaw.com
*Attorneys for Defendants*

I HEREBY CERTIFY that on the 1st day of May 2023, the foregoing was electronically filed through the Odyssey File & Serve system, and the following parties or counsel have been served by electronic means.

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:    (480) 660-4432 X 5221
E-mail:    heather@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

/s/ John S. Stiff
John S. Stiff, Esq.

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
5/16/2023 4:14 PM
KATHLEEN VIGIL CLERK OF THE COURT
Diego Olivas

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
AND DENNIS P. MURPHY, ESQ., AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHENIE CHASER,
DECEASED,

        Plaintiffs,

v.                              No.:  D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

        Defendants.

**ORDER DENYING DEFENDANT ABDIFATAH MAHAMED ISMAIL'S OPPOSED
MOTION TO STAY PENDING RESOLUTION OF PARALLEL CRIMINAL CASE OR,
ALTERNATIVELY, FOR A STAY OF DISCOVERY**

**THIS MATTER** came before the Court on Defendant Abdifatah Mahamed Ismail's

Motion to Stay Pending Resolution of Parallel Criminal Case or, Alternatively, for Stay of

Discovery and The Court, having reviewed the pleadings and being otherwise fully advised in the

premises, hereby FINDS:

1. The motion is not well taken and should be DENIED.

2. The court has jurisdiction over the parties and subject matter herein.

3. Defendant can assert the Fifth Amendment in response to certain discovery requests

    and other discovery shall move forward.

4. The Court has determined that a hearing is unnecessary.  The Court in its discretion may rely upon the pleadings filed in this matter if the written submissions are sufficient to resolve the matters presented.  *See National Excess Insurance Co. v. Bingham*, 1987-NMCA-109, Paragraph 9, 106 N.M. 325, 742 P.2d 537 (motion may be resolved by the district court without oral argument  provided there is an adequate opportunity for written response to the arguments presented).  *See also* LR1-306(H).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Abdifatah Mahamed Ismail's Motion to Stay Pending Resolution of Parallel Criminal Case or, Alternatively, for Stay of Discovery is hereby **DENIED**.

THE HONORABLE JUDGE BRYAN BIEDSCHEID
FIRST JUDICIAL DISTRICT COURT JUDGE

**PARTIES ENTITLED TO NOTICE:**

Heather A. Cornwell, Esq.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:  (480) 660-4432
            (480)496-7309
E-mail:  mintues@breyerlaw.com
*Attorney for Plaintiff McKenna Alboreo*

John S. Stiff, Esq.
Edward F. Snow, Esq.
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone: (505) 243-5755
E-Mail: jstiff@stifflaw.com
           fsnow@stifflaw.com
           lpaul@stifflaw.com
*Attorneys for Defendants*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/6/2023 2:53 PM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

                        Plaintiffs,

v.                                                          No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

                        Defendants.

## PLAINTIFF STEVEN CHASAR'S UNOPPOSED MOTION TO CONSOLIDATE

COMES NOW Plaintiff Steven Chasar, by and through his attorneys of record, and hereby

moves this Court to consolidate this case, No. D-101-CV-2022-00749, with case No. D-101-CV-

2022-02372, pursuant to Rule 1-042 NMRA and N.M. L.D.R. Dist 1 LR1-108, and in support of

this Motion state:

### BACKGROUND

1.      On or about February 18, 2022, at approximately 8:00 p.m., Stephanie Chasar and

her son, Mckenna Alboreo, were driving a U-Haul truck, traveling east on US Highway 54 in

Quay County, New Mexico when they collided with a tractor and semi-trailer operated by

Defendant, Dubai Express Haul, LLC.

2.      On April 29, 2022, Dennis P. Murphy, Esq., as personal representative of the estate

of Stephanie Chasar, deceased, filed a Complaint (D-101-CV-2022-00749) in New Mexico

State Court, Santa Fe County, for the Wrongful Death of Stephanie Chasar, and for the Personal Injuries of McKenna Alboreo.

3.        On December 19, 2022, Steven Chasar, spouse of Stephanie Chasar, filed his own lawsuit for his damages arising from the February 18, 2022, collision, alleging loss of consortium and emotional distress (D-101-CV-2022-02372).

4.        To date, defendants Abdifatah Mahamed Ismail and Jane Doe Mahamed Ismail have not answered in case No. D-101-CV-2022-02372.

POINTS AND AUTHORITIES

5.        If actions involve a common question of law or fact, the court may consolidate the actions. Rule 42(A) NMRA, *and see*, *Vargas v. Clauser*, 1957-NMSC-035, ¶ 15, 62 N.M. 405, 311. Pursuant to LR1-108, motions to consolidate and consolidated cases shall be heard by the judge assigned to the oldest case. Here, the instant matter is the oldest case as it was filed first and has the lowest case number. When such circumstances are present, consolidation is favored: "[i]t is very much to be desired that where consolidation is possible it should be ordered by the trial courts in the interest of expediting litigation and decreasing the expense thereof." *Id.*

6.        Here, Steven Chasar's claim for damages arises from and involves substantially the same questions of law and fact alleged in the pending case, D-101-CV-2022-00749, and arise from the same facts and circumstances. Therefore, consolidating the cases would tend to avoid unnecessary cost and delay, including that consolidated discovery would eliminate the possibility of multiple depositions for lay witnesses, expert witnesses, and would provide for consistent rulings as to the core legal questions of negligence and on admissibility of evidence.

7.        Defendant Dubai Express Haul, LLC, and plaintiffs Murphy and Alboreo, by and through their attorneys of record, do not object to this motion.

## CONCLUSION

For the foregoing reasons, the parties herein respectfully request that the Court grant the

motion to consolidate the following cases for all purposes, Nos. D-101-CV-2022-00749 and

D-101-CV-2022-02372, for the reasons set forth herein.

Respectfully submitted,

**WISNER BAUM LLP**

By: */s/ Timothy A. Loranger*
Timothy A. Loranger, Esq., pro hac vice
tloranger@wisnerbaum.com
Matthew P. French, Esq. pro hac vice
mfrench@wisnerbaum.com
*Attorneys for Plaintiff Steven Chasar*
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233 F: (310) 820-7444

**WEEMS HAZEN LAW**

By: */s/ Mallory Wolff*
Mallory Wolff
*Local Counsel for Plaintiff Steven Chasar*
106 Wellesley Drive SE
Albuquerque, NM 87106
P: (505) 247-4700
mallory@weemshazenlaw.com

I hereby certify that a copy of the foregoing
pleading was sent to Defendant Dubai Express
Haul, LLC; and Plaintiffs Murphy and Alboreo
via the e-filing system on this 6th day of
July, 2023.

*/s/ Mallory Wolff*
Mallory Wolff
Attorney at Law

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
7/28/2023 9:15 AM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

                Plaintiffs,

v.                                    No. D-101-CV-2022-00749
                                    No. D-101-CV-2022-02372

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

                Defendants.

## ORDER GRANTING UNOPPOSED MOTION TO CONSOLIDATE

    **THIS MATTER** having come before the Court upon counsel for plaintiff Steven Chasar's

Unopposed Motion to Consolidate and the Court being advised in the premises, FINDS that:

    1.      This Court has jurisdiction over the parties and subject matter herein.

    2.      The Court finds it is an efficient resolution and a matter of judicial economy that

Case No. D-101-CV-2022-02372 *Steven Chasar v. Dubai Express Haul, LLC et al.* (before the

Hon. Maria Sanchez-Gagne) be consolidated into Case No. D-101-CV-2022-00749 *McKenna*

*Alboreo, et al. v. Dubai Express Haul, LLC et al.* (before the Hon. Bryan Biedscheid) as provided

in Local Rule LR1-108 NMRA which states in pertinent part:

                a.      The motion to consolidate and the court's order to

consolidate shall be filed in the oldest case (*McKenna Alboreo, et al. v.*

*Dubai Express Haul, LLC, et al.*, Case No. D-101-CV-2022-0074); copies

of the motion and order shall be filed in all the consolidated cases.

1

      b.      Following consolidation, all pleadings, motions, and other papers shall be filed only in *McKenna Alboreo, et al. v. Dubai Express Haul, LLC, et al.*, Case No. D-101-CV-2022-0074.

      c.      The case number of each case consolidated shall appear in the caption of all pleadings, motions, and other papers filed after consolidation.

IT IS SO ORDERED.

_____
**BRYAN BIEDSCHEID**
**DISTRICT COURT JUDGE**

Submitted by:

**WISNER BAUM LLP**
By: */s/ Timothy A. Loranger*
Timothy A. Loranger, Esq., pro hac vice
Matthew P. French, Esq. pro hac vice
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233
tloranger@wisnerbaum.com
mfrench@wisnerbaum.com
*Attorneys for Plaintiff Steven Chasar*

**WEEMS HAZEN LAW**
By: */s/ Mallory Wolff*
Mallory Wolff
106 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 247-4700
mallory@weemshazenlaw.com
*Local Counsel for Plaintiff Steven Chasar*

Approved as to form:

**STIFF, GARCIA & ASSOCIATES, LLC**

*/s/ approved via telephone*
John S. Stiff
Lyman Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:(505) 243-5755
stiff@stifflaw.com
fsnow@stifflaw.com
lpaul@stifflaw.com
*Attorneys for Defendants*

**BREYER LAW OFFICES, P.C.**

*/s/ approved via email*
Heather A. Cornwell
34840 E. Ray Road
Phoenix, AZ 85004
Phone:(480) 660-4432
(480)496-7309
mintues@breverlaw.com
*Attorney for Plaintiffs McKenna Alboreo*
*and Dennis P. Murphy, Esq., as P.R.*
*of the Estate of Stephanie Chasar*

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/18/2023 11:43 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

                      Plaintiffs,

v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

                      Defendants.

No. D-101-CV-2022-00749
No. D-101-CV-2022-02372
Case assigned to Biedscheid, Bryan

## PLAINTIFF STEVEN CHASAR'S *EX PARTE* MOTION FOR ORDER FINDING DEFENDANT ABDIFATAH MAHAMED ISMAIL SERVED WITH PROCESS

Under Rule 1-004(J) NMRA, plaintiff Steven Chasar moves, *ex parte*,[1] for an order finding that defendant tractor-trailer driver ABDIFATAH MAHAMED ISMAIL was effectively served with summons and complaint in case No. D-101-CV-2022-02372 and the combination of service methods used met due process.  Ismail earlier filed an Answer in case No. D-101-CV-2022-00749, and the court ordered consolidated with case No. D-101-CV-2022-02372 on July 28, 2023, effectively bringing the court to Ismail upon consolidation.

An order is required as defendant driver's counsel asserts that, despite numerous service attempts in case number No. D-101-CV-2022-02372, under Rule 1-004(F), evasion by out-of-state defendant, and counsel's actual knowledge of case number No. D-101-CV-2022-02372, resulting

---

[1] Although Rule 1-004(J) states this motion is authorized *without notice*, plaintiff notices defendant anyway, as he filed a Notice of Limited Appearance.

in defendant driver's Notice of Limited Appearance, defendant driver has *not* been served. Yet Dubai Haul Express, LLC, owner of the tractor-trailer and driver's employer, is a co-defendant which has filed an Answer and is also represented by the same attorney, John Stiff. Defendant asserts additional service attempts—including publication—are mandated to serve the driver. Defendant's position is undermined by both Rule 1-004 and the U.S. Supreme Court decision on which the rule is founded, *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), holding due process requires only notice and an opportunity to be heard, not actual receipt. Since *Mullane*, the U.S. Supreme Court has held that extraordinary efforts such as deploying an Army Ranger team to assure actual delivery of process are *not* required. *Dusenbery v. U.S.*, 534 U.S. 161, 170 (2002).

Defendant fails to understand that the purpose of due process is notice and opportunity to be heard, not a delay device to game the system if defendant can avoid service because, like a baseball runner evading the catcher's tag while stealing home, the service papers did not actually touch his body.

## I. FACTUAL OVERVIEW

On February 18, 2022, plaintiff Steven Chasar's wife, Stephanie Chasar, was killed when a tractor-trailer attempting to pass another vehicle in a designated "no passing" zone crossed into opposing traffic and crashed head-on into her U-Haul truck. Stephanie Chasar was pronounced dead on scene and was still pinned inside the U-Haul. The tractor-trailer driver, Abdifatah Mohamed Ismail, refused medical treatment at the scene. The crash occurred on US Highway 54 in New Mexico. Both the tractor-trailer driver, Abdifatah Mohamed Ismail, and tractor-trailer owner, Dubai Express Haul, LLC, are located in Lexington, Nebraska and are named defendants in this case.

2

Plaintiff made numerous attempts to personally serve summons and complaint to defendants. Dubai Haul Express LLC filed a notice of appearance and answer.

Plaintiff's Lexington, Nebraska process server also made numerous attempts to personally serve driver Abdifatah Mohamed Ismail at the residence address provided in the New Mexico State Police Report, the address for employer Dubai Haul Express LLC registered with Nebraska Secretary of State, and other addresses obtained by skip tracing methods. Following unsuccessful attempts at personal service, the summons and complaint were served to both defendant's residence and business addresses by both Certified U.S. Mail and regular U.S. Mail.

**First Series of Service Attempts Completed January 13, 2023**

After due diligence personal service was attempted on December 23, 2022, December 26, 2022, January 4, 2023, and January 6, 2023, to defendant's last known residence and businesses addresses, a copy of the summons and complaint was mailed via first class U.S. Mail to defendant's last known residence and business addresses on January 13, 2023. These combined service methods satisfied the requirements of Rule 1-004(F)(3) for service on an individual. **Exhibit A**.

**Second Series of Service Attempts Completed March 15, 2023**

After due diligence personal service was attempted on March 10, 2023 and March 12, 2023 to defendant's last known residence and businesses addresses, a copy of the summons and complaint was mailed to the addresses via U.S. Certified Mail, Return Receipt Request on March 15, 2023. These combined service methods satisfied the requirements of Rule 1-004(F)(3) for service on an individual. **Exhibit B.**

**Service Addresses Verified in Criminal Case**

In the related criminal case, tractor-trailer driver Abdifatah Mohamed Ismail is charged with two felony counts: (1) homicide by vehicle (reckless driving) and (2) great bodily injury by

3

vehicle (reckless driving). *State of New Mexico v. Abdifatah Mahamed*, Case Number D-1010-CR-202300053.

A bond receipt filed in the criminal case states that Abdifatah Mahamed was arrested 3/22/23 and listed his mailing address as 901 N. Erie Street, Apt. 7, Lexington, NE 68850. On 3/28/23 cash bond of $2,500 was paid on 3/28/23 by Abdi Ibrahim, and listed his mailing address of 610 N. Washington Street, Apt. 6, Lexington, NE 68850. The bond payer appears to have been Abdikamal Ibrahim, president and registered agent for Dubai Express Haul, LLC.  Plaintiff's process server had earlier attempted personal service at both of these addresses on multiple dates, followed up by mailing the summons and complaint to both addresses. **Exhibit C**.

In the criminal case, a March 27, 2023 Amended Stipulated Order Setting Conditions of Release stated conditions for release of Abdifatah Mohamed, included: "2. Upon release, the Defendant shall not . . . violate any local, state or federal laws . . . [and must] notify the Court of any address change; appear at all future hearings unless his appearance is waived by the Court." **Exhibit D**.

New Mexico Statute 30-22-1(A) states: "Resisting, evading or obstructing an officer consists of: A. knowingly obstructing, resisting or opposing any officer of this state **or any other duly authorized person serving or attempting to serve or execute any process or any rule or order of any of the courts of this state or any other judicial writ or process** . . .  Whoever commits resisting, evading or obstructing an officer is guilty of a misdemeanor" (bold added.).

The Summons and Complaint were forwarded to defendant's attorney, John Stiff. Although Mr. Stiff declined to accept service on behalf of ABDIFATAH MAHAMED ISMAIL, he filed a Notice of Limited Appearance on 5/30/2023. **Exhibit E**.

Defendant's criminal arraignment was scheduled June 15, 2023, at the Tenth Judicial District Court in Tucumcari, New Mexico. A Tucumcari process server attempted to personally serve defendant at the Tucumcari courthouse during the criminal hearing, but was informed by the court clerk that defendant failed to appear and in any case, the hearing would occur via Zoom. **Exhibit F**. The audio log filed for the arraignment confirmed defendant failed to appear. Defendant's criminal attorney, John W. Day, represented that defendant was located in Nebraska, was supposed to call in for the hearing, and entered a not guilty plea for the defendant. **Exhibit G**.

From June 16, 2023 through July 6, 2023, a Santa Fe-based process server attempted to serve defendant by serving Attorney Day at his Santa Fe law office. The process server was informed that Mr. Day was out of the office until July 5, 2023. After additional attempts to serve the papers at Mr. Day's office were unsuccessful, on July 6, 2023, Mr. Day advised the process server by telephone that he has "no authority or authorization to accept for Mr. Ismail and will not get such authorization because Mr. Day is representing him in a criminal case only. Mr. Day stated there is an Albuquerque firm representing him in a wrongful death case and may be [*sic*] they are representing him." See **Exhibit H**, Due Diligence Affidavits. Stiff, of Stiff, Garcia & Associates, LLC, is located in Albuquerque.

During a follow-up criminal hearing on July 27, 2023, at the Tenth Judicial District Court in Tucumcari, New Mexico, the audio log filed in the public docket states that Mr. Ismail did not appear and that the criminal proceedings should be extended based on this civil case. **Exhibit I**. This representation to the criminal court showed Mr. Ismail's awareness of the civil matter.  As both cases were ordered consolidated on July 28, 2023, Mr. Ismail's awareness of either case is now awareness of both cases.

Although Attorney Stiff filed a Notice of Limited Appearance for defendant on May 30, 2023, over 40 days later, no pre-answer motion under Rule 1-012(B) or Answer has been filed. Rule 1-004 requires either an Answer or motion be filed within 30 days of service.

In an earlier-filed related case, Attorney Stiff filed an Answer for defendant driver ABDIFATAH MAHAMED ISMAIL, for which there is a pending motion to consolidate. As Plaintiff's previously filed motion for entry of default of defendant could become moot depending on the ruling to this motion to confirm service, the instant motion should take judicial priority over the earlier default motion.

## II. <u>LEGAL STANDARD</u>

The Official Commentary to Rule 1-004 states: "**NMRA *Rule 1-004*(E)(1) NMRA** makes explicit in the ***rule*** the general test for constitutionally-adequate service of process established in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)."

The New Mexico Supreme Court held:

> Due process does not require the same form of notice in all contexts; instead, the notice should be "appropriate to the nature of the case." *Mullane v. Central Hanover Bank & Trust,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Actual notice is not required, so long as the notice given is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314, 70 S.Ct. 652; *see also City of Albuquerque v. Juarez*, 93 N.M. 188, 190, 598 P.2d 650, 652 (Ct.App.1979) (requiring notice that is reasonably calculated to be effective "without imposing unrealistically heavy burdens on the party charged with the duty of notification") (quotation marks and quoted authority omitted), *overruled on other grounds by Herrera*, 111 N.M. at 565, 807 P.2d at 749.
> *Maso v. State, Taxation and Revenue Dept., Motor Vehicle Div.*, 136 N.M. 161, 164 (2004).

Since *Mullane*, the U.S. Supreme Court has held that extraordinary efforts to assure actual delivery of process are not required. *Dusenbery v. U.S.*, 534 U.S. 161, 170 (2002):

> Undoubtedly the Government could make a special effort in any case (just as it did in the movie "Saving Private Ryan") to assure that a particular piece of mail reaches a particular individual who is in one way or another in the custody of the

Government. It could, for example, have allowed petitioner to make an escorted visit to the post office himself in order to sign for his letter. But the Due Process Clause does not require such heroic efforts by the Government; it requires only that the Government's effort be "reasonably calculated" to apprise a party of the pendency of the action.

### III. ARGUMENT

Defendant asserts that extraordinary efforts beyond Rule 1-004, including the dubious method of constructive service by publication, are required to effect service of process here, despite:

1.     Defendant was served via a combination of service methods authorized under Rule 1-004, as well as additional service attempts via his attorney of record in this civil case, John Stiff, and attorney of record in the criminal case arising from the same fatal highway crash, John W. Day. Both counsel declined to accept service on behalf of defendant tractor-trailer driver ABDIFATAH MAHAMED ISMAIL.

2.     Defendant ABDIFATAH MAHAMED ISMAIL's Notice of Limited Appearance filed 5/30/23 showed defendant was sufficiently given notice of this action such that further service methods were mooted, especially the constructive service method of service by publication. It cannot be reasonable that publication would afford more opportunity for notice that what has already occurred, especially for an out-of-state defendant.

3.     In refusing to either provide a service address[2] or accept service via his attorneys while entering an appearance in this civil case, and a "not guilty" plea in the criminal case while stating on the record that the defendant was located in Nebraska, defendant has effectively concealed himself outside New Mexico, rendering personal service impossible by his own action.

---

[2] Mr. Stiff has represented that he does not have an address for the defendant that is different than the one plaintiff has repeatedly attempted service upon.

Defendant's action constitutes a waiver of notice of the proceedings sought to be avoided. *Clark v. LeBlanc*, 1979, 92 N.M. 672, 593 P.2d 1075. For over 75 years, New Mexico courts have authorized service by publication where a defendant had either gone out of state, concealed himself or herself within the state, otherwise avoided service, or that his or her name or place of residence are unknown. *T.H. McElvain Oil & Gas Limited Partnership v. Group I: Benson-Montin-Greer Drilling Corp., Inc.*, 2017-NMSC-004, ¶ 32, 388 P.3d 240, 251[3]. Although service by publication gives district court jurisdiction in an *in personam* action against defendant, *id.*, the court should find publication unnecessary here, as defendant filed his Notice of Limited Appearance, and find under Rule 1-004(J) that defendant was already effectively served with process.

4.      Defendant waived objection to personal jurisdiction and service of process by filing a Notice of Limited Appearance on 5/30/23, but then failing to timely file a pre-Answer motion under Rule 1-012(B)(2)(5) NMRA, asserting those defenses, or an Answer, within 30 days.

5.      Defendant's Notice of Limited Appearance was effectively a general appearance, waiving service of process, as its wording did not expressly state it was a "special appearance" strictly limited to challenging jurisdiction, but merely stated appearance was made "without waiving any defects in subject matter or personal jurisdiction including improper service" and not specifying any limits as to the scope of the appearance. An intent to potentially challenge defects in jurisdiction and improper service at a future time does not affirmatively raise the defenses that are subject to a 30-day deadline.

---

[3] For example, in 1948, the New Mexico Rule of Civil Procedure 4(g) required a party seeking to serve notice by publication to " 'file a sworn pleading or affidavit, stating that any defendant' " **had either gone out of state, concealed himself or herself within the state, otherwise avoided service, or that his or her name or place of residence are unknown**. *Campbell v. Doherty*, 1949–NMSC–030, ¶ 24, 53 N.M. 280, 206 P.2d 1145

A.    **Plaintiff Attempted All Service Methods Under Rule 1-004**

Rule 1-004(E) NMRA expressly states:

E. Process; how served; generally. **(1)** Process shall be served in a manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.

New Mexico Rule 1-004(F) NMRA requires personal service of process upon an individual and specifies various methods in which personal service may be accomplished. If personal service cannot reasonably be accomplished in accordance with Rule 1-004(F), then constructive service is permitted under Rule 1-004(J) NMRA, which provides:

Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

The New Mexico Supreme Court has previously held that service by publication may be appropriate "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." *Clark v. LeBlanc*, 92 N.M. 672, 674 (1979). This exception is based on the fact that "[i]n concealing himself, the defendant, by his own action, renders personal service or process impossible. This action constitutes a waiver of notice of the proceedings sought to be avoided . . . . To allow a person to escape his civil obligation by purposefully hiding himself would be to encourage deception." *Id.*

More recently, the New Mexico Supreme Court reiterated that "the exercise of diligence and good faith to locate a defendant are implicit prerequisites to effect service of process by publication." *T.H. McElvain Oil & Gas Limited Partnership v. Group I: Benson-Montin-Greer Drilling Corp., Inc.*, 2017-NMSC-004, ¶ 32, 388 P.3d 240.

Generally, a plaintiff will be able to establish that it exercised diligence and good faith in attempting to locate a particular defendant by complying with Rule 1-004. *See T.H. McElvain*, 2017-NMSC-004, ¶ 32 (noting that Rule 1-004 effectuates the requirements of due process). Accordingly, service must be "attempted through the hierarchy of mechanisms set out under [Rule 1-004(F)]" and that a plaintiff must demonstrate "that this hierarchy was followed in detail, although the attempts were unsuccessful." Accordingly, a plaintiff must first deliver a copy of a summons and complaint to the individual personally, or by mail or commercial courier as provided in Rule 1-004(E)(3). Rule 1-004(F)(1) NMRA. If either of these means are unsuccessful, a plaintiff may "deliver a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process." Rule 1-004(F)(2). Finally, if no other means is successful, then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment. Rule 1-004(F)(3) NMRA. Here, Plaintiff strictly complied with the service hierarchy.

Here, plaintiff diligently took a number of steps to serve defendant at the residence address defendant provided to New Mexico State Police and last known business address for the Dubai Express Haul, LLC truck he was driving. The receipt for release bond payment confirmed the accuracy of the service addresses plaintiff's process server had earlier attempted before defendant was arrested (3/22/23) or the bond was paid (3/28/23). Plaintiff also attempted to personally serve defendant at the criminal arraignment hearing where defendant was required to appear. Plaintiff

also attempted to serve defendant through his civil attorney and criminal attorney, who both refused service.

Based on the numerous service attempts both in Nebraska and New Mexico, defendant's evasion of service outside the state, and defendant's Notice of Limited Appearance filed 5/30/23, the court should find that defendant was effectively served with process. The variety of service methods used here far exceed those that would merit service by publication. *See T.H. McElvain Oil & Gas Limited Partnership v. Group I*, 388 P.3d 240, 249-250 (2016).

**B.**   **Defendant's Notice of Limited Appearance Waived Service of Process**

Defendant's Notice of Limited Appearance filed 5/30/2023 waived any objection to service of process. The Notice states:

> STIFF, GARCIA & ASSOCIATES, LLC, hereby gives notice to the Court and opposing counsel of its limited entry of appearance on behalf of ABDIFATAH MAHAMED ISMAIL without waiving any defects in subject matter or personal jurisdiction including improper service.

The Notice does not state its appearance is a "special appearance" exclusively limited to challenging the court's jurisdiction; rather, it states it does not waive any defects. The appropriate method of challenging jurisdiction is filing a Rule 1-012(b) motion, as a special appearance limited to challenge of the court's jurisdiction, within 30 days of service. Rule 1–012(B) provides in pertinent part:

> **B. How presented**. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
>
> > (1) lack of jurisdiction over the subject matter;
> > **(2) lack of jurisdiction over the person**;
> > (3) improper venue;
> > (4) insufficiency of process;
> > **(5) insufficiency of service of process**;
> > (6) failure to state a claim upon which relief can be granted;

(7) failure to join a party under Rule 1-019 NMRA.

A motion making any of these defenses shall be made before pleading if a further pleading is permitted . . . .

**H. Waiver or Preservation of Certain Defenses.**
    (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process is waived:
        (a) if omitted from a motion in the circumstances described in Paragraph G of this rule; or
        (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 1-015 NMRA to be made as a matter of course.

New Mexico courts have held Rule 1-012(H)(1) means what is states: service of process

and personal jurisdiction are waived when not properly raised. *See Rupp v. Hurley*, 127 N.M. 222,

227 (1999):

> Under Rule 1–012(H)(1), the defenses listed in Rules 1–012(B)(2), 1–012(B)(3), 1–012(B)(4) and 1–012(B)(5), are also lost to the defendant if they are not included in an answer filed before a Rule 1–012(B) motion. *See Sundance Mechanical & Util. Corp. v. Atlas*, 109 N.M. 683, 690, 789 P.2d 1250, 1257 (1990) ("Certain defenses (lack of personal jurisdiction, improper venue, insufficiency of process or service of process) must be asserted at the outset of an action; otherwise these defenses are waived."); *cf. Stetz v. Skaggs Drug Ctrs., Inc.*, 114 N.M. 465, 470, 840 P.2d 612, 617 (Ct.App.1992) ("The defense of lack of personal jurisdiction is subject to waiver when not properly asserted.").

Under Rule 1-004(b)(2), defendant must serve a responsive pleading or motion within

thirty (30) days after service of the summons and file a copy of the pleading or motion with the

court as provided by Rule 1-005 NMRA. Defendant's Notice of Limited Appearance filed 5/30/23

indicates the 30-day period was triggered on or well before 5/30/23.

Although defendant's notice of appearance was filed 5/30/23, no Rule 1-012(B) motion

has been timely filed. "An appearance alone where there has been no pleading does not prevent a

party from becoming in default." *Rogers v. Lyle Adjustment Co.*, 70 N.M. 209, 212 (1962).

Accordingly, defenses of personal jurisdiction and service were waived under Rule 12(H).

**C.**   <u>**Defendant's Appearance is Effectively a General Appearance**</u>

Because the notice does not expressly state the limitations or scope of its limited appearance, it can be read to be a general appearance. In *Barreras v. New Mexico Motor Vehicle Division*, 2005–NMCA–055, 137 N.M. 435, 112 P.3d 296, the court held that the MVD waived its objection to the district court's exercise of personal jurisdiction because, when it received notice of the hearing, it filed a notice of peremptory challenge to excuse the district court judge. *Id.* ¶ 7. The court in *Barreras* held that filing a peremptory challenge constituted an entry of general appearance and that by entering a general appearance, the MVD waived any objection to lack of personal jurisdiction based on insufficiency of process. *See Guthrie v. Threlkeld Co.*, 52 N.M. 93, 96, 192 P.2d 307, 308 (1948) (stating that any action on the part of the defendant, except to object to the jurisdiction, that recognizes the case as in court will amount to a general appearance).

Here, defendant failed to seek an extension of time to plead under Rule 1-006(B). "An insufficient defense may, however, be a "procedurally defective defense [ ]," *id.* at 661–63, such as the failure to raise insufficiency of service of process in a timely manner. *See Oppel v. Empire Mut. Ins. Co.*, 92 F.R.D. 494, 497 (S.D.N.Y.1981). {42} We hold that Defendants failed to state a legal defense by failing to raise insufficiency of service of process in accordance with the procedures of Rules 1–012(G) and 1–012(H)(1)." *Rupp v. Hurley*, 127 N.M. 222, 231-232 (1999).

**D.**   <u>**Defendant's Counsel's Actual Knowledge of This Case Imputed to Defendant**</u>

New Mexico courts have held: "Knowledge of any material fact possessed by the attorney is also knowledge of the client." *Runge v. Fox*, 110 N.M. 447, 451 (1990) following New Mexico Supreme Court in *Sawyer v. Barton,* 55 N.M. 479, 236 P.2d 77 (1951).

Even if an attorney is unaware of the whereabouts of his or her client and is only authorized to represent the client in the civil matter or criminal matter, but not authorized to accept service,

each attorney confirmed his actual knowledge of the civil matter which is imputed to defendant ABDIFATAH MAHAMED ISMAIL. Civil attorney John Stiff has actual knowledge of this action as he filed a Limited Entry of Appearance on 5/30/2023 on behalf of defendant, but chose not to file a pre-answer motion or Answer to plaintiff's Complaint, leaving defendant open to default. In refusing to accept service, criminal attorney John W. Day informed the process server that he knew defendant was separately represented for this civil case.

Standing alone, the service attempts to defendant's counsel of record were sufficient not only "to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend." but also to allow attorney Stiff to file a Special Entry of Appearance.

New Mexico courts have declined to set aside default judgments when a defendant's attorney or insurer had knowledge of the proceeding, but chose not to file a response to the Complaint. See *Marinchek v. Paige*, 108 N.M. 349, 352 (1989):

> Due to the inability of counsel to contact his client and the client's failure to contact either his counsel or the court, it was ordered that counsel be allowed to withdraw, and that Paige or new counsel either make an appearance within thirty days or the court would enter judgment against him by default. The actual notice to Paige's counsel that Paige risked default judgment if Paige did not comply with the court's order was chargeable to Paige.
> . . .
> Any failure of Paige to receive actual notice of his counsel's withdrawal and his need to make an appearance or risk judgment by default was not a failure of the state to provide Paige due process; it was a problem between Paige and his counsel. The trial court was well within its discretion to find Paige in default and order judgment for Marinchek on November 25, 1985.

*See also Adams v. Para-Chem Southern, Inc.*, 126 N.M. 189 (1998), holding that: (1) the conduct of defendant's insurer in failing to make timely response to complaint should be imputed to defendant, and (2) failure of defendant's insurer to react to complaint for over two years after it was forwarded to insurer, coupled with defendant's failure to inquire, precluding finding of

excusable negligence to support reopening of default judgment; there was long period of time during which neither defendant nor insurer took any action.

Cases holding a defendant's actual knowledge of the proceeding does not cure failure to serve are distinguishable, as those cases involve no attempt by plaintiff to properly serve defendant under Rule 1-004 nor filing a motion to serve under Rule 1-004(j) using court-approved method, as plaintiff seeks by the instant motion. *See State ex rel. McGill v. Bassett*, 528 P.3d 739, 744 (2023). Indeed, the *State ex rel. McGill* court stated alternative service should have been sought via a Rule 1-004(J) motion. *Id.* Here, in contrast to *State ex rel. McGill*, every service method except for publication has been attempted — personal service to last known residence address, personal service to business address, certified mail service, regular mail service, service attempts via civil attorney (who filed notice of limited appearance), service on criminal attorney who refused service, and attempt to personally serve defendant at courthouse during June 15, 2023 criminal arraignment. The audio hearing notes in the court record confirm Defendant did not appear for the arraignment and counsel Day advised defendant was located in Nebraska. Nor had counsel provided a different address where defendant may be served.

The bond payment receipt's independent confirmation of defendant's residence and business service addresses previously attempted by both personal service and mail service, defendant's failure to authorize counsel to accept service or provide a service address, and defendant's failure to appear for criminal arraignment indicate an attempt by defendant to avoid service while out of state. Under the circumstances here, "an exception is called for in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process. In concealing himself, the defendant, by his own action,

15

renders personal service of process impossible. This action constitutes a waiver of notice of the proceedings sought to be avoided." *Clark v. LeBlanc*, 92 N.M. 672, 674 (1979).

**E.      Further Service Attempts, Including Publication, Are Mooted**

Despite plaintiff's service attempts, and defendant's own Notice of Limited Appearance, defendant asserts he has not been served and further service attempts — at least service by publication — are required. As this court is aware, publication is a dubious method for service or "constructive service," which is why publication is available only by court order, and only as a last resort upon a showing that all other approved service methods have failed. Indeed, the New Mexico Supreme Court held in *Clark v. LeBlanc*, 92 N.M. 672, 673 (1979): "It is clear that due process prohibits the use of constructive service where it is feasible to give notice to the defendant in some manner more likely to bring the action to his attention. *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)." The notice and copy of the service papers received by defendant's counsel, allowing him to enter a limited appearance in this civil case, exceeded the constructive service by publication so as to moot any benefit. How could publication further inform a defendant who already filed a Notice of Limited Appearance?

Under the service by publication rule, 1-004(K) NMSA, publication would have to occur either in Sante Fe County, New Mexico, where this case is pending, or where defendant was last known to be located, Dawson County, Nebraska. There is no reason to believe that defendant is located in Santa Fe County, as he is not incarcerated in New Mexico but free on bond, or located in Dawson County, Nebraska, where multiple service attempts were fruitless. Even if defendant were located in either of those places, he would still have to actually read the publication of the legal notice to be apprised "of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend" required by Rule 1-004(E) NMRA. Even if publication were

ordered, and defendant actually read the legal notice, and received reasonable notice of this action and an opportunity to be heard, it would be redundant notice, surplusage, because his attorneys already had notice sufficient to file a Limited Entry of Appearance on 5/30/2023. Defendant urging service by publication is simply a delay device.

## CONCLUSION

This court should find, under Rule 1-004(J), that defendant ABDIFATAH MAHAMED ISMAIL was effectively served with summons and complaint based on the combination of Rule 1-004 methods, evasion, actual notice of defendant's counsel imputed to defendant, resulting in defendant's Notice of Limited Appearance, and these methods provided appropriate due process.

Dated: August 4, 2023                           Respectfully submitted,

**WISNER BAUM LLP**

By: */s/ Timothy A. Loranger*
Timothy A. Loranger, Esq., pro hac vice
tloranger@wisnerbaum.com
Matthew P. French, Esq. pro hac vice
mfrench@wisnerbaum.com
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233 F: (310) 820-7444

**WEEMS HAZEN LAW**

By: */s/ Mallory Wolff*
Mallory Wolff
*Local Counsel for Plaintiff*
108 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 247-4700
mallory@weemshazenlaw.com

*Attorneys for Plaintiff*

17

CITATION

## AFFIDAVIT OF MATTHEW P. FRENCH
## IN SUPPORT OF RULE 1-004(J) NMRA MOTION

STATE OF CALIFORNIA          )
                                  )
COUNTY OF LOS ANGELES     )

Matthew P. French, the affiant herein, having been duly sworn, states upon oath:

1.      Affiant was admitted to practice *pro hac vice* in this case.

2.      This Affidavit is made in support of plaintiff's motion to confirm service of process under Rule 1-004(J).  Although Rule 1-004(J) usually is used to obtain court-approval of alternative service methods or publication because service cannot reasonably be made as provided by Rule 1-004, plaintiff instead requests the court approve the combination of service methods used to gave defendant notice of this action.  Court approval is required because despite exhaustion of all available service methods, except for publication, resulting in a Notice of Limited Appearance by defendant ABDIFATAH MAHAMED ISMAIL, defendant's counsel continues to assert that defendant has not been properly served.

3.      Attached as **Exhibit A** are affidavits of service/due diligence from a Nebraska process server concerning first series of personal service attempts at defendant ABDIFATAH MAHAMED ISMAIL's Nebraska residence address that defendant provided to New Mexico State Police.  The affidavits confirm service attempts on December 23, 2022, December 26, 2022, January 4, 2023, and January 6, 2023, to defendant's last known residence and businesses addresses, a copy of the summons and complaint was mailed via first class U.S. Mail to defendant's last known residence and business addresses (Dubai Express Haul, LLC) on January 13, 2023. These combined service methods satisfied the requirements of Rule 1-004(F)(3) for service on an individual.

18

4.      Attached as **Exhibit B** are affidavits of service/due diligence from a Nebraska process server concerning first series of personal service attempts at defendant ABDIFATAH MAHAMED ISMAIL's Nebraska residence address that defendant provided to New Mexico State Police.  The affidavits confirm personal service was attempted on March 10, 2023 and March 12, 2023 to defendant's last known residence and businesses addresses (Dubai Express Haul, LLC), a copy of the summons and complaint was mailed to the addresses via U.S. Certified Mail, Return Receipt Request on March 15, 2023. These combined service methods satisfied the requirements of Rule 1-004(F)(3) for service on an individual.

5.      Attached as **Exhibit C** is a true and correct copy of a release bond receipt filed in the criminal case *State of New Mexico v. Abdifatah Mahamed*, Case Number D-1010-CR-202300053. The receipt states that Abdifatah Mahamed was arrested 3/22/23 (after the service attempts above) and confirmed his mailing address as 901 N. Erie Street, Apt. 7, Lexington, NE 68850, where service was previously attempted. On 3/28/23 cash bond of $2,500 was paid on 3/28/23 by Abdi Ibrahim, and listed his mailing address of 610 N. Washington Street, Apt. 6, Lexington, NE 68850. The bond payer appears to have been Abdikamal Ibrahim, president and registered agent for Dubai Express Haul, LLC. Before defendant's arrest on 3/22/23, plaintiff's process server had earlier attempted personal service at both of these addresses listed on the bond receipt, on multiple dates, followed up by mailing the summons and complaint to both addresses.

6.      Attached as **Exhibit D** is a true and correct copy of the March 27, 2023 Amended Stipulated Order Setting Conditions of Release from defendant's criminal case.  Stated conditions for release of Abdifatah Mohamed, included: "2. Upon release, the Defendant shall not . . . violate any local, state or federal laws . . . [and must] notify the Court of any address change; appear at all future hearings unless his appearance is waived by the Court."

19

7.      Attached as **Exhibit E** is a true and correct copy of defendant's Notice of Limited Appearance filed 5/30/2023.

8.      Attached as **Exhibit F** is an affidavit by New Mexico process server confirming she was unable to serve defendant at Tucumcari Tenth District Courthouse during his June 15, 2023 arraignment hearing as defendant failed to appear.

9.      Attached as **Exhibit G** is a true and correct copy of the audio log of June 15, 2023 arraignment proceedings filed in defendant's criminal case.  The audio log states defendant failed to appear. The audio log also states defendant's criminal attorney, John W. Day, represented that defendant was located in Nebraska, was supposed to call in for the hearing, and entered a not guilty plea for the defendant.

10.     Attached as **Exhibit H** is an affidavit of New Mexico process server showing attempts to serve defendant by serving his criminal attorney John W. Day at Mr. Day's Santa Fe office.  Mr. Day informed the server he was not authorized to accept service, and would not receive authorization, and advised defendant was represented by separate counsel for the civil case.

11.     Attached as **Exhibit I** is a true and correct copy of the audio log of July 27, 2023 criminal proceedings filed in defendant's case.  The audio log states defendant failed to appear and that the criminal proceedings should be extended based on this civil case. This representation to the criminal court showed Mr. Ismail's awareness of the civil matter.  As both cases were ordered consolidated on July 28, 2023, Mr. Ismail's awareness of either case is now awareness of both cases.

12.     Defendant's failure to receive the process server during personal service attempts at residence address he provided to New Mexico State Police and subsequently confirmed by

20

release bond receipt, followed up mailings of the service papers to the confirmed residence and business addresses by both U.S. Certified Mail and regular mail, and criminal counsel's statement in open court that defendant was located in Nebraska, strongly indicate that defendant evaded service while residing outside New Mexico.

Matthew P. French, Affiant, being first duly sworn, states upon oath, that all of the representations in this affidavit are true as far as affiant knows or is informed. And that such affidavit is true, accurate and complete to the best of the affiant's knowledge and belief.

DATED: 3 August, 2023.

_____
Affiant

21

**CALIFORNIA JURAT**                                    GOVERNMENT CODE § 8202

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of  *LOS ANGELES*

Subscribed and sworn to (or affirmed) before me on

this  **3rd**  day of  **AUGUST**  20 **23**  by
_Date_              _Month_                _Year_

(1)  *MATTHEW PATRICK FRENCH*

(and (2) _____ ),
_Name(s) of Signer(s)_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

LISA GALLO HAYES
Notary Public - California
Los Angeles County
Commission # 2412198
My Comm. Expires Aug 29, 2026

Signature  _____
_Signature of Notary Public_

*Place Notary Seal and/or Stamp Above*

---

——————————— OPTIONAL ———————————

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document*

**Description of Attached Document**

Title or Type of Document:  *AFFIDAVIT*

Document Date:  *AUGUST 3, 2023*          Number of Pages:  *4*

Signer(s) Other Than Named Above:  *NONE*

---

©2019 National Notary Association

# EXHIBIT A

## Affidavit of Non-Service Due Diligence

*Amended*

State of Nebraska, County of Dawson                     Case Number: D-101-CV-2022-02372

Steven Chaser v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I attempted service on: Abdifatah Mahamed Ismail

With: Summons & Complaint

Resulting in: Non-service

At: (1) 2108 N Adams St Apt 4, Lexington, NE

(2) 1503 N Erie St. Apt #9, Lexington, NE

(3) 901 N. Erie St, Apt #7, Lexington, NE

On: December 23, 2022 @ 13:45 hrs
December 26, 2022 @ 12:15 hrs
January 4, 2023 @ 14:15 hrs
January 6, 2023 @ 09:00 hrs

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s).

( ) Unknown at Address    ( ) Moved, Left no Forwarding    ( ) Service cancelled by Attorney

**Comments:** Made numerous attempts of service at all of the requested addresses with the following results- Address #1, multiple attempts with male resident advising the above subject and/or business was unknown to him. On final attempt curtains were open and server observed that apartment was empty. Address #2, Numerous attempts, no answer at apartment door during all attempts. Address #3, Numerous attempts, no answer at door & no noises from inside, apartment appears to be unoccupied.

Nick Spiegel, Process Server,
Nebraska Judicial Services LLC                     4/13/23

Service fee $0.00

Mileage fee $0.00

Misc. fee   $0.00

Total Fee   $0.00

## Affidavit of Non-Service Due Diligence

*Amended*

State of Nebraska, County of Dawson                    Case Number: D-101-CV-2022-02372

Steven Chaser v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I attempted service on: Dubai Express Haul LLC c/o Abdikamil Ibrahim

With: Summons & Complaint

Resulting in: Non-service

At: (1) 2108 N Adams St Apt 4, Lexington, NE

   (2) 114 W. 6th St. Suite B, Lexington, NE

   (3) 608 N. Washington St, Lexington, NE

On: December 23, 2022 @ 13:30 hrs
    December 26, 2022 @ 12:00 hrs
    January 4, 2023 @ 14:00 hrs
    January 6, 2023 @ 08:45 hrs

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s).

( ) Unknown at Address   ( ) Moved, Left no Forwarding   ( ) Service cancelled by Attorney

**Comments:** Made numerous attempts of service at all of the requested addresses with the following results- Address #1, multiple attempts with male resident advising the above subject and/or business was unknown to him. On final attempt, curtains were open and server observed that apartment was empty (no answer on repeated attempts at phone #402-305-9975). Address #2, business address is occupied by business "Smile Photography", business locked/closed. Address #3, business address is occupied by "Weyrah Coffee", owner advised above subject used to live there but moved back to Minnesota, no forwarding address given (subject provided the above listed phone number of previous owner)

                                        Nick Spiegel, Process Server,
                                        Nebraska Judicial Services LLC

Service fee $0.00

Mileage fee $0.00

Misc. fee  $0.00

Total Fee  $0.00

# EXHIBIT B

# Affidavit of Process Service

State of Nebraska, County of Dawson                    Case Number: D-101-CV-2022-02372

Steven Chasar v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I served: Abdifatah Mahamed Ismail

With: Summons & Complaint

By: Certified Mail Return Receipt on Wednesday, March 15, 2023 @ 08:30,

At: (1) 1503 N. Erie St. Apt. 9, Lexington, NE

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s):

( ) Unknown at Address   ( ) Moved, Left no Forwarding   ( ) Service cancelled by Attorney   ( ) Unable to serve in a timely fashion

( ) Address does not exist   ( ) Other

**Comments:**

_____
Nick Spiegel, Process Server,
Nebraska Judicial Services LLC

Service fee $25.00

Mileage fee $76.50

Copy & Mail fee   $ 26.50

Total Fee   $128.00

## Affidavit of Non-Service Due Diligence

State of Nebraska, County of Dawson                    Case Number: D-101-CV-2022-02372

Steven Chaser v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I attempted service on: Abdifatah Mahamed Ismail

With: Summons & Complaint

Resulting in: Non-service

At: (1) 2108 N Adams St Apt 4, Lexington, NE

(2) 1503 N Erie St. Apt #9, Lexington, NE

(3) 901 N. Erie St. Apt #7, Lexington, NE

On: March 10, 2023 @ 15:45 hrs
March 12, 2023 @ 12:15 hrs
March 12, 2023 @ 14:15 hrs

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s).

( ) Unknown at Address    ( ) Moved, Left no Forwarding   ( ) Service cancelled by Attorney   ( ) Unable to serve in a timely fashion

( ) Address does not exist   ( ) Other

**Comments:** Made numerous attempts at 3 different addresses. Address #1 the first attempt the resident informed me she didn't know who he was. Address #2 there was no answer the couple times I went, asked the neighbors and they weren't sure of who he was. Address #3 no answers at this apartment either, asked 1 neighbor and they were new so they were unsure.

Nick Spiegel, Process Server,
Nebraska Judicial Services LLC

Service fee $0.00

Mileage fee $0.00

Misc. fee   $0.00

Total Fee   $0.00

# Affidavit of Process Service

State of Nebraska, County of Dawson                           Case Number: D-101-CV-2022-02372

Steven Chasar v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I served: Dubai Express Haul LLC c/o Abdikamil Ibrahim

With: Summons & Complaint

By: Certified Mail Return Receipt on Wednesday, March 15, 2023 @ 08:30.

At: (1) 2108 N Adams St. Apt. 4, Lexington, NE

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s).

( ) Unknown at Address   ( ) Moved, Left no Forwarding   ( ) Service cancelled by Attorney   ( ) Unable to serve in a timely fashion

( ) Address does not exist   ( ) Other

**Comments:**

Nick Spiegel, Process Server,
Nebraska Judicial Services LLC

Service fee $25.00

Mileage fee $76.50

Copy & Mail fee  $ 26.50

Total Fee   $128.00

# Affidavit of Non-Service Due Diligence

State of Nebraska, County of Dawson                    Case Number: D-101-CV-2022-02372

Steven Chaser v. Dubai Express Haul LLC, Abdifatah Mahamed Ismail

I Nick Spiegel, being first duly sworn, depose and say: that I am over the age of 21 years and not a party to this action, not related to either party and have no interest in this action and that within the boundaries of the State of Nebraska where service was affected, I was authorized by law to perform said service.

**Service:**
I attempted service on: Dubai Express Haul LLC c/o Abdikamil Ibrahim

With: Summons & Complaint

Resulting in: Non-service

At: (1) 2108 N Adams St Apt 4, Lexington, NE

(2) 114 W. 6th St, Suite B, Lexington, NE

(3) 608 N. Washington St, Lexington, NE

On: March 10, 2023 @ 15:30 hrs
    March 12, 2023 @ 12:00 hrs
    March 12, 2023 @ 14:00 hrs

**Non-Service:** After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following reason(s).

( ) Unknown at Address   ( ) Moved, Left no Forwarding   ( ) Service cancelled by Attorney   ( ) Unable to serve in a timely fashion

( ) Address does not exist   ( ) Other

**Comments: Made numerous attempts at 3 different addresses. Address #1 the first attempt the resident informed me she didn't know who he was but she still gets his mail from time to time. Address #2 is a business called "Smile Photography" doors locked, nobody around, windows are too dark to see inside, Address #3 is called "Weyrah Coffee" building was locked up, the apartment is above the business and couldn't find a way to the apartment. Called the phone number given, no answer, no calls back, did leave voicemails.**

_____
Nick Spiegel, Process Server,
Nebraska Judicial Services LLC

Service fee $0.00

Mileage fee $0.00

Misc. fee  $0.00

Total Fee   $0.00

# EXHIBIT C

# OFFICIAL RECEIPT

**Quay County Magistrate Court / Tucumcari**
**122 West Center Street**
**Tucumcari, New Mexico 88401**
**To make credit card payments online please go to:**
**https://finesandfees.nmcourts.gov/**

| | |
|---|---|
| Payor<br>Ibrahim, Abdi<br>610 N Wahington ST<br>APT 6<br>Lexington, NE 68850 | Receipt No.<br>**TUCM-2023-585** |

Judge
Hendrickson, Noreen L.

Transaction Date
03/28/2023

| Description | Amount Paid |
|---|---|

On Behalf Of  Mahamed, Abdifatah
M-40-FR-2022-00037
State of New Mexico v. Abdifatah Mahamed
Bond Account

| | | Amount Paid |
|---|---|---|
| Bail Bond | | 2,500.00 |
| **SUBTOTAL** | | **2,500.00** |

| **PAYMENT TOTAL** | **2,500.00** |
|---|---|

| | |
|---|---|
| Cash Tendered | 2,500.00 |
| Total Tendered | **2,500.00** |
| Change | 0.00 |

| 03/28/2023 | Cashier SDT#761334 | Audit |
|---|---|---|
| 09:49 AM | Station TUCM4 | 25834063 |

## OFFICIAL RECEIPT

*PLEASE PRINT* **STATE OF NEW MEXICO** No. **236110**

## MAGISTRATE AND MUNICIPAL COURT
## CRIMINAL FORM 9-312A

M-40-FR-2022-37

STATE OF NEW MEXICO
[COUNTY OF _____ ]
[CITY OF _____ ]
IN THE _____ COURT

STATE OF NEW MEXICO
[COUNTY OF _____ ]
[CITY OF Tucuman _____ ]
Abdifatah Mahamed DEFENDANT

## RECEIPT FOR CASH, MONEY ORDER OR CASHIERS CHECK

Defendant Information:
Arrest Date: 3/22/23                     Date of Birth: 1/1/92
Mailing Address: 901 N Erie ST Apt 7.
City, Lexington     State NE     Zip Code: 68850
Address (Physical) (if different from mailing address):

City, _____ State _____ Zip Code: _____
*(Include current telephone number or contact information in case a refund is due.)*
Tax ID Number or Social Security Number of Defendant: _____
Occupation, Profession or Business: _____
*(to be filled in only if $10,000 or more is paid)*

### PAYMENT INFORMATION

Date of Payment: 3/28/23     Amount Paid: $ 2500 00
Number of Money Order, or Cashiers Check: CASH     Issuer: _____
Payment made by: Abdi Ibrahim     Telephone Number: 37 612-916-9756
                  (Print Name)

Mailing Address of Person Paying Cash, Money Order or Cashiers Check if Person Paying is not Defendant:
1015 N Washington ST Apt 6
City, Lexington     State NE     Zip Code: 68850
*(Include current telephone number or contact information in case a refund is due.)*
Tax ID Number or Social Security Number of Defendant: _____
Occupation, Profession or Business: _____
*(to be filled in only if $10,000 or more is paid)*

## PERSON OTHER THAN DEFENDANT PAYING CASH, MONEY ORDER OR CASHIERS CHECK:

I understand that the cash I have posted will be used to pay any fines, fees or costs that the defendant owes if the court has ordered that the defendant may only be released upon the payment of such fines, fees and costs and that if this is so I will not be entitled to a refund. If the court has not ordered that the defendant will only be released upon payment of fines, fees and costs.

[✓] I Agree     [ ] I do not Agree     that the cash I have posted may be used to pay any fines, fees or cost that the court may order the defendant to pay after the defendant's release from custody.

Ibrahim Abdi
Signature of Person Posting Cash **(required)**

## DEFENDANT: *(If the defendant has been arrested on a failure to pay warrant, the defendant's signature is not required.)*

*(This alternative may be used only when the defendant has failed to appear, the bench warrant authorizes release on payment of fines and fees, and, the person posting the cash, has checked the "I Agree" box above.)*

1) [ ] I plead guilty to the charges. I ask the court to use the cash for payment of fines, fees and costs instead of requiring me to appear before the court.
*(This alternative may be used only when the bench warrant authorizes release of the defendant on bond, instead of payment of fines and fees)*
2) [ ] I agree to appear in the _____ Court on _____ (date) at _____ [am] [pm]

_____
Signature of Defendant

**PAYMENT RECEIVED BY:**
_____ Date: _____
Signature of Clerk or Bail Designee

**COURT EMPLOYEE RECEIVING PAYMENT:** Date: 3/28/23
_____
Signature of Clerk or Bail Designee

Defendant (Original)          Court (Yellow)          Agency (Pink)

*PLEASE PRINT* **STATE OF NEW MEXICO** No. **236110**

## MAGISTRATE AND MUNICIPAL COURT
## CRIMINAL FORM 9-312A

NM-40-FR-2022-37

STATE OF NEW MEXICO
[COUNTY OF _____]
[CITY OF _____]
IN THE _____ COURT

STATE OF NEW MEXICO
[COUNTY OF _____]
[CITY OF  Lexington _____]
Hodita ll Mumma DEFENDANT

## RECEIPT FOR CASH, MONEY ORDER OR CASHIERS CHECK

**Defendant Information:**
Arrest Date: 3/22/23 _____ Date of Birth: 1/1/02
Mailing Address: 901 N Erie ST Apt 7.
City, Lexington _____ State NE _____ Zip Code: 68505
Address (Physical) (If different from mailing address):

City, _____ State _____ Zip Code: _____
*(Include current telephone number or contact information in case a refund is due.)*
Tax ID Number or Social Security Number of Defendant: _____
Occupation, Profession or Business: _____
*(to be filled in only if $10,000 or more is paid)*

### PAYMENT INFORMATION

Date of Payment: 3/28/23 _____ Amount Paid: $ 4250.00
Number of Money Order, or Cashiers Check: CASH _____ Issuer: _____
Payment made by: Hadi Ibrahim (Print Name) _____ Telephone Number: 531-612-916-9756

Mailing Address of Person Paying Cash, Money Order or Cashiers Check if Person Paying is not Defendant:
901 N Washington ST Apt 10
City, Lexington _____ State NE _____ Zip Code: 68505
*(Include current telephone number or contact information in case a refund is due.)*
Tax ID Number or Social Security Number of Defendant: _____
Occupation, Profession or Business: _____
*(to be filled in only if $10,000 or more is paid)*

## PERSON OTHER THAN DEFENDANT PAYING CASH, MONEY ORDER OR CASHIERS CHECK:

I understand that the cash I have posted will be used to pay any fines, fees or costs that the defendant owes if the court has ordered that the defendant may only be released upon the payment of such fines, fees and costs and that if this is so I will not be entitled to a refund. If the court has not ordered that the defendant will only be released upon payment of fines, fees and costs.
[✓] I Agree    [ ] I do not Agree    that the cash I have posted may be used to pay any fines, fees or cost that the court may order the defendant to pay after the defendant's release from custody.

Ibrahim Abdi
_____
Signature of Person Posting Cash **(required)**

## DEFENDANT: *(If the defendant has been arrested on a failure to pay warrant, the defendant's signature is not required.)*
*(This alternative may be used only when the defendant has failed to appear, the bench warrant authorizes release on payment of fines and fees, and, the person posting the cash, has checked the "I Agree" box above.)*
1) [ ] I plead guilty to the charges. I ask the court to use the cash for payment of fines, fees and costs instead of requiring me to appear before the court.
*(This alternative may be used only when the bench warrant authorizes release of the defendant on bond, instead of payment of fines and fees)*
2) [ ] I agree to appear in the _____ Court on _____ (date) at _____ [am] [pm]

_____
Signature of Defendant

PAYMENT RECEIVED BY:
_____ Date: _____
Signature of Clerk or Bail Designee

COURT EMPLOYEE RECEIVING PAYMENT: _____ Date: 3/28/23
Signature of Clerk or Bail Designee

Defendant  (Original)              Court  (Yellow)              Agency  (Pink)



# EXHIBIT D

10th JUDICIAL DISTRICT COURT
Quay County
06/01/2023 11:11:49
AMANDA L. HAMMER
CLERK OF THE COURT
Pacheco, Dana

**STATE OF NEW MEXICO**
**COUNTY OF QUAY**
**IN THE MAGISTRATE COURT**

MAR 2 7 2023

FILED BY

CR-2023-00053

**No. M-40-FR-2022-00037**

**STATE OF NEW MEXICO,**
        **Plaintiff,**

**v.**

**ABDIFATAH MAHAMED,**
        **Defendant.**

## AMENDED STIPULATED ORDER SETTING CONDITIONS OF RELEASE

THIS MATTER came before the Court on the stipulation of the parties the State of New

Mexico (by Timothy Rose, District Attorney) and the Defendant (The John Day Law Office, LLC,

by John W. Day) to the following amended conditions of release for Defendant Abdifatah

Mahamed:

1.  The Defendant shall be released from custody upon posting of a cash bond in the

    amount of $2,500.00 (two thousand five hundred dollars).  The Court will accept a

    certified check as well for the same.

2.  <u>Upon release, the Defendant shall:</u> not consume alcohol; not consume cannabis,

    cannabis products or synthetic cannabinoids;  not buy, sell, possess or consume illegal

    drugs; maintain weekly contact with his attorney; not violate any local, state or federal

    laws; submit to drug and/or alcohol testing at the request of the District Attorney

    and/or the Court; notify the Court of any address change; appear at all future hearings

    unless his appearance is waived by the Court.

3. <u>As a special condition of release, the Defendant agrees not to engage in any form of commercial truck driving until further order</u>; and shall be prohibited from doing same.

4. Defendant understands that if he fails to appear or violates any of the above conditions, his bond may be forfeited, he may be jailed, and he may be prosecuted for a separate offense of failure to appear.

5. Defendant has agreed, via his counsel, to each of the above conditions.

IT IS SO ORDERED.

_____
MAGISTRATE JUDGE

Submitted by:

_____
John W. Day
505 Cerrillos Road, Ste A205
Santa Fe, NM 87501
(505) 780-8326
Fax (505) 819-0331
jday@johndaylaw.com
*Attorneys for Defendant*

**_APPROVED VIA EMAIL BY DISTRICT ATTORNEY TIMOTHY ROSE on 3/27/2023_**

# EXHIBIT E

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

STEVEN CHASAR,

        Plaintiffs,

v.                             No.:  D-101-CV-2022-02372

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES
1-5; AND ABC CORPORATIONS 1-5.

        Defendants.

<u>**LIMITED ENTRY OF APPEARANCE**</u>

     STIFF, GARCIA & ASSOCIATES, LLC, hereby gives notice to the Court and opposing counsel of its limited entry of appearance on behalf of ABDIFATAH MAHAMED ISMAIL without waiving any defects in subject matter or personal jurisdiction including improper service.

                        Respectfully submitted,

                        STIFF, GARCIA & ASSOCIATES, LLC

                        */s/ John S. Stiff*
                        John S. Stiff, Esq.
                        Lyman Paul, Esq.
                        500 Marquette Avenue, NW, Ste 1400
                        Albuquerque, New Mexico 87102
                        Phone:    (505) 243-5755
                        E-Mail:    jstiff@stifflaw.com
                                    lpaul@stifflaw.com
                        *Attorneys for Defendant Dubai Express*
                        *and Abdifatah Mahamed Ismail*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May, 2023, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Timothy A. Loranger, Esq.
Matthew P. French, Esq.
Braum, Hedlund, Aristei & Goldman, P.C.
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
Phone:      310-207-3233
E-Mail:     tloranger@baumhedlundlaw.com
            mfrench@baumhedlundlaw.com

Mallory Wolff, Esq.
Weems Hazel Law
108 Wellesley Drive SE
Albuquerque, NM 87106
Phone:      505-247-4700
E-mail:     mallory@weemshazenlaw.com
*Attorneys for Plaintiff*

*/s/ John S. Stiff*
John S. Stiff, Esq.
Lyman S. Paul, Esq.

# EXHIBIT F

## AFFIDAVIT OF DUE DILIGENCE

**State of New Mexico**                **County of Santa Fe**                **First Judicial District Court**

Case Number: D-101-CV-2022-02372

Plaintiff:
**STEVEN CHASAR**

vs.

Defendant:
**DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION; ABDIFATAH MAHAMED ISMAIL and JANE DOE MAHAMED ISMAIL, HUSBAND AND WIFE, JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5**

For:
Mike Cornwell
Baum Hedlund Aristei & Goldman, P.C.
11111 Santa Monica Blvd
Suite 1750
Los Angeles, CA 90025

Received these papers on the 9th day of June, 2023 at 1:38 pm to be served on **Abdifatah Mahamed Ismail, Tenth Judicial District Court, 300 S. 3rd St, #2, Tucumcari, NM 88401.**

I, Dolores Garcia, being duly sworn, depose and say that on the **15th day of June, 2023** at **10:15 am, I:**

**NON-SERVED** the **Summons, Plaintiff's Complaint.** After due search, careful inquiry and diligent attempts was unable to serve on **Abdifatah Mahamed Ismail** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/15/2023  10:15 am  Dolores Garcia attempted service on Abdifatah Mahamed Ismail at the Tucumcari Tenth Judicial District Court at 300 S. 3rd St, #2, Tucumcari, NM 88401. Server spoke with court clerk, female subject, who states the hearing for Adbifatah Mahamed Ismail is being held via Google Meet at 10:30am. Clerk states there is a possibility the defendants Attorney may show up in person, but it will be a video/telephonic hearing. Clerk checked the inmate list for Quay county and states he is not currently in their county jail, but may be in Santa Fe county.

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 6th
day of July, 2023 by the affiant who is personally
known to me.

NOTARY PUBLIC

**STATE OF NEW MEXICO**
**NOTARY PUBLIC**
**COURTNEY BEASLEY**
**Commission # 1130549**
**Expiration 09/14/24**

**Dolores Garcia**
Process Server

Our Job Serial Number: MPP-2023004882

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.1m

# EXHIBIT G

| Description | CR-2023-53 |
|---|---|

TENTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF QUAY

STATE OF NEW MEXICO,

               Plaintiff,

vs.

ABDIFATAH MAHAMED
              Defendant,

PROCEEDINGS: ARRAIGNMENT

Attorney for Plaintiff:ROSE
Attorney for Defendant:DAY

JUDGE: ALBERT J. MITCHELL, JR.

COURT MONITOR: SAMANTHA STEPHENSON

NOTICE:  This log is not the official record.  The official record is the CD.  The log is created to assist in locating information on the CD.  The log is not the verbatim record of the proceedings.

RESULT CODE:HELD

10TH JUDICIAL DISTRICT
Quay ~~HARDING~~ COUNTY NEW MEXICO
FILED IN MY OFFICE

JUN 1 5 2023
2:27PM

AMANDA L. HAMMER
DISTRICT COURT CLERK

| Date | 6/15/2023 | Location | TUCD MAIN COURT |
|---|---|---|---|

CR-2023-53                                                        TUCD MAIN COURT

| Time | Spea | Note |
|------|------|------|
| 10:29:59 AM | CT | IN SESSION |
| 10:30:01 AM |  | STYLE CR-2023-53 |
| 10:30:10 AM |  | APPEARANCES ROSE/STATE DAY/MAHAMED IN NEBRASKA SUPPOSED TO BE CALLING IN CURRENTLY NOT PRESENT |
| 10:31:01 AM | CT | CT WILL WAIVE DEFT APPEARANCE AT NEXT STATUS HEARING HE WILL HAVE TO MAKE AN APPEARANCE |
| 10:31:29 AM | JD | YES YOUR HONOR |
| 10:32:08 AM |  | DISCUSSED CHARGES AND PENALTIES WITH CLIENT AND HE WILL ENTER NOT GUILTY PLEA |
| 10:32:26 AM | CT | CT WILL ENTER NOT GUILTY PLEA ON DEFT AND ACCEPTS WAIVER |
| 10:32:40 AM | TR | WE CAN MAKE PROGRESS BUT WILL TAKE A FEW MONTHS I THINK |
| 10:32:51 AM | CT | OKAY , IF YOU CAN WORK HARD FOR NEXT THIRTY DAYS ON THIS |
| 10:33:41 AM |  | ANY IMMIGRATION CONSEQUENCES |
| 10:33:47 AM | JD | IT DOES NOT YOUR HONOR |
| 10:34:02 AM | CT | THANK YOU ALL MATTER ADJOURNED |

# EXHIBIT H

## AFFIDAVIT OF DUE DILIGENCE

**State of New Mexico**                **County of Santa Fe**                **First Judicial District Court**

Case Number: D-101-CV-2022-02372

Plaintiff:
**STEVEN CHASAR**

vs.

Defendant:
**DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL and JANE DOE MAHAMED ISMAIL, HUSBAND AND
WIFE, JOHN and JANE DOES 1-5; and ABC CORPORATIONS 1-5**

For:
Mike Cornwell
Baum Hedlund Aristei & Goldman, P.C.
11111 Santa Monica Blvd
Suite 1750
Los Angeles, CA 90025

Received these papers on the 9th day of June, 2023 at 1:38 pm to be served on **Abdifatah Mahamed Ismail,
c/o John Day, 505 Cerrillos Rd, Ste A-205, Santa Fe, NM 87501.**

I, David Martin, being duly sworn, depose and say that on the **6th day of July, 2023 at 1:01 pm, I:**

**NON-SERVED** the **Summons, Plaintiff's Complaint**. After due search, careful inquiry and diligent attempts was
unable to serve on **Abdifatah Mahamed Ismail** for the reasons detailed in the comments below.

**Additional Information pertaining to this Service:**
6/15/2023  11:17 am  Attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe, NM 87501,
no answer at John Day's Office, doors locked.  From next door business, Old Wood Fine Floors, said that John
is out of town until July 5th.  He does not have an office staff.
6/23/2023  3:23 pm  Attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe, NM 87501,
door locked, no response.  Same FedEx sticker on the door.  No answer when I called.
6/27/2023  11:29 am  Attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe, NM 87501,
office locked, FedEx sticker still on the door
7/6/2023  10:13 am  Attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe, NM 87501,
door locked, no response to knocking.  Fedex sticker has been removed.
7/6/2023  10:33 am  Attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe, NM 87501,
called John Day at (505)780-8326, spoke to his answering service, stated he wasn't in but took my number.
7/6/2023  1:01 pm  David Martin attempted service at c/o John Day 505 Cerrillos Road, Suite A-205, Santa Fe,
NM 87501. John Day called server from (505) 670-5762 and states he has no authority or authorization to
accept for Mr. Ismail and won't get that authorization.  John is representing him in a criminal case only.  John
stated there is an Albuquerque firm representing him in a wrongful death case and may be they are
representing him.

## AFFIDAVIT OF DUE DILIGENCE For D-101-CV-2022-02372

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 6th
day of July, 2023 by the affiant who is personally
known to me.

NOTARY PUBLIC

**STATE OF NEW MEXICO**
**NOTARY PUBLIC**
**COURTNEY BEASLEY**
**Commission # 1130549**
**Expiration 09/14/24**

**David Martin**
Process Server

Our Job Serial Number: MPP-2023004882

Copyright © 1992-2023 Database Services, Inc. - Process Server's Toolbox V8.1m

# EXHIBIT I

| Description | CR-2023-53 |
|---|---|

TENTH JUDICIAL DISTRICT COURT
STATE OF NEW MEXICO
COUNTY OF QUAY

STATE OF NEW MEXICO,

Plaintiff,

vs.

ABDIFATAH MAHAMED
Defendant,

PROCEEDINGS: STATUS HEARING

Attorney for Plaintiff:ROSE
Attorney for Defendant:DAY

JUDGE: ALBERT J. MITCHELL, JR.

COURT MONITOR: SAMANTHA STEPHENSON

NOTICE: This log is not the official record. The official record is the CD. The log is created to assist in locating information on the CD. The log is not the verbatim record of the proceedings.

RESULT CODE:HELD

10TH JUDICIAL DISTRICT
COUNTY NEW MEXICO
FILED IN MY OFFICE

JUL 27 2023
2:10PM

AMANDA L. HAMMER
DISTRICT COURT CLERK

| Date | 7/27/2023 | Location | TUCD MAIN COURT |
|---|---|---|---|

CR-2023-53                                                           TUCD MAIN COURT

| Time | Spea | Note |
|---|---|---|
| 10:12:27 AM | CT | IN SESSION |
| 10:12:30 AM | | STYLE CR-2023-53 |
| 10:12:41 AM | | APPEARANCES DAY/MAHAMED ROSE/STATE |
| 10:14:16 AM | CT | WE WILL WAIVE DEF APPEARANCE THIS TIME |
| 10:14:22 AM | TR | I TALKED TO ME DAY YESTERDAY WE ARE NEEDING SOME ADDITIONAL TIME |
| 10:14:32 AM | | TO GATHER OTHER EVIDENCE AND CIVIL CASE AS WELL |
| 10:14:43 AM | | WE WOULD ASK TO BE SET IN A COUPLE MONTHS |
| 10:14:52 AM | CT | WE HAVE IT SET FOR AUG 24TH |
| 10:15:01 AM | TR | WE WILL PROBABLY NEED SOME EXTRA TIME |
| 10:15:13 AM | JD | I AGREE |
| 10:15:15 AM | CT | WE WILL MOVE THAT HEARING IN TO SEPTEMBER |
| 10:15:27 AM | | MATTER IS ADJOURNED |

7/27/2023                                                                2 of 2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/18/2023 11:43 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

                Plaintiffs,

       v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

                Defendants.

No. D-101-CV-2022-00749
No. D-101-CV-2022-02372
Case assigned to Biedscheid, Bryan

STEVEN CHASAR,

                Plaintiff,

       v.

DUBAI EXPRESS HAUL, LLC,
A FOREIGN CORPORATION;
ABDIFATAH MAHAMED ISMAIL and
JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE;
XPO LOGISTICS, LLC;
BEDROCK LOGISTICS, LLC;
JACOBSON LOGISTICS COMPANY;
JACOBSON TRANSPORTATION COMPANY INC.;
TRIDENT LEASING, INC.;
ABDIHAMID ABDULE, an individual;
JOHN and JANE DOES 1-5;
and ABC CORPORATIONS 1-5.

                Defendants.

1

## JOINT STIPULATION FOR PLAINTIFF TO FILE FIRST AMENDED COMPLAINT

WHEREAS, plaintiff Steven Chasar must file a First Amended Complaint in consolidated case number D-101-CV-2022-02372 to add six newly discovered defendants who each had a role in causing or contributing to this tractor-trailer highway crash resulting in the death of his wife Stephanie Chasar;

WHEREAS, defendant Dubai Express Haul, LLC has already answered in case number D-101-CV-2022-02372, Rule 1-015 NMRA states in pertinent part: "Otherwise a party may amend its pleading only by leave of court *or by written consent of the adverse party*, and *leave shall be freely given when justice requires*." (emphasis added);

WHEREAS, the parties wish to preserve scarce judicial resources and proceed by consent of the parties, rather than court intervention;

**IT IS HEREBY STIPULATED**, by and between plaintiff Steven Chasar and defendant Dubai Express Haul, LLC, through counsel, that plaintiff may file his First Amended Complaint, along with this joint stipulation.

**SO STIPULATED:**

Dated: August 15, 2023

**WISNER BAUM LLP**

By: */s/ Timothy A. Loranger*
Timothy A. Loranger, Esq., pro hac vice
tloranger@wisnerbaum.com
Matthew P. French, Esq. pro hac vice
mfrench@wisnerbaum.com
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233 F: (310) 820-7444

WEEMS HAZEN LAW

By: */s/ Mallory Wolff*
Mallory Wolff
*Local Counsel for Plaintiff*
108 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 247-4700
mallory@weemshazenlaw.com

*Attorneys for Plaintiff Steven Chasar*

Dated: August 15, 2023             **STIFF, GARCIA & ASSOCIATES, LLC**

By: */s/ John Stiff*
John Field Simms Stiff, Sr.
500 Marquette Ave NW
Suite 1400
Albuquerque, New Mexico 87102
Telephone (505) 243-5755
jstiff@stifflaw.com
*Attorneys for Defendant Dubai Express Haul, LLC*

3

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
8/18/2023 11:43 AM
KATHLEEN VIGIL CLERK OF THE COURT
Mayra Mendoza-Gutierrez

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

                Plaintiffs,

    v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5,

                Defendants.


STEVEN CHASAR,

                Plaintiff,

    v.

DUBAI EXPRESS HAUL, LLC,
A FOREIGN CORPORATION;
ABDIFATAH MAHAMED ISMAIL and
JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE;
XPO LOGISTICS, LLC;
BEDROCK LOGISTICS, LLC;
JACOBSON LOGISTICS COMPANY;
JACOBSON TRANSPORTATION COMPANY INC.;
TRIDENT LEASING, INC.;
ABDIHAMID ABDULE, an individual;
JOHN and JANE DOES 2-5;
and ABC CORPORATIONS 6-10,

                Defendants.

No. D-101-CV-2022-00749
No. D-101-CV-2022-02372
Case assigned to Biedscheid, Bryan

1

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Steven Chasar, by and through his attorney of record, Timothy A. Loranger (*pro hac vice*) and Matthew P. French (*pro hac vice*) of Wisner Baum LLC; and Mallory Wolff of Weems Hazen Law, for his First Amended Complaint pursuant to NMSA § 41-2-4 and NMSA § 41-2-1 for wrongful death on behalf of the Estate of Stephanie Chasar, brings his First Amended Complaint against the Defendants as follows:

## PARTIES

1.      Plaintiff Steven Chasar was the spouse of decedent, Stephanie Chasar at the time of this incident.

2.      Plaintiff Steven Chasar was a resident of Arizona at the time of this incident.

3.      Plaintiff Steven Chasar was the step-father of McKenna Alboreo and Zachary Alboreo at the time of this incident.

4.      Upon information and belief Defendant ABDIFATAH MAHAMED ISMAIL (hereinafter "Defendant Ismail") is an individual who resides in Dawson County, Nebraska, and is an employee of Defendant Dubai Express Hauling, LLC. Defendant Ismail may be served with summons at his last known residence located at 1503 N. Erie St., Apt. 9, Lexington, NE 68850.

5.      At all times relevant hereto, the Defendant Ismail was acting individually and on behalf of the marital community, if any, of Defendant Ismail and Jane Doe Mahamed Ismail, whose true name is unknown to Plaintiff.

6.      Defendant DUBAI EXPRESS HAUL, LLC (hereinafter "Defendant Dubai") was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Dubai

as to all claims arising from those contacts. Defendant Dubai has no registered agent in this state. Defendant Dubai may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its registered agent, Abdikamil Ibrahim, 2108 N. Adams St., Apt. 4, Lexington, NE 68850.

7.      Defendant XPO LOGISITICS, LLC (hereinafter "Defendant XPO"), originally identified as "ABC Corporation 1", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant XPO as to all claims arising from those contacts. Defendant XPO has no registered agent in this state. Defendant XPO may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its business address, 11215 N Community House Road, Charlotte, NC 28277.

8.      Defendant BEDROCK LOGISITICS, LLC (hereinafter "Defendant Bedrock") originally identified as "ABC Corporation 2",  was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Bedrock as to all claims arising from those contacts. Defendant Bedrock has no registered agent in this state. Defendant Bedrock may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its business location, 2501 N. Harwood St. Suite 2600, Dallas, TX 75201.

9.      Defendant JACOBSEN LOGISTICS COMPANY (hereinafter "Defendant Jacobsen Logistics"), originally identified as "ABC Corporation 3",  was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in

this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Jacobsen Logistics as to all claims arising from those contacts. Defendant Jacobsen Logistics has no registered agent in this state. Defendant Jacobsen Logistics may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 29562 Network Place, Chicago, IL 60673.

10. Defendant JACOBSEN TRANSPORTATION COMPANY, INC. (hereinafter "Defendant Jacobsen Transportation"), originally identified as "ABC Corporation 4", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Jacobsen Transportation as to all claims arising from those contacts. Defendant Jacobsen Transportation has no registered agent in this state. Defendant Jacobsen Transportation may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 1275 128th St., Clive, IA 50325.

11. Defendant TRIDENT LEASING, INC. (hereinafter "Defendant Trident"), originally identified as "ABC Corporation 5", was fully authorized to do business in New Mexico and derives substantial economic profits from its business activities in this state. As a result of these intentional, substantial, continuous and systematic contacts within New Mexico, this Court has personal jurisdiction over Defendant Trident as to all claims arising from those contacts. Defendant Trident has no registered agent in this state. Defendant Trident may be served as to all claims arising from those contacts in conformity with the requirements of NMSA 66-5-103 or through its physical address, 2900 S City Lake Rd., Fayetteville, AR 72701.

4

12.     Upon information and belief Defendant ABDIHAMID ABDULE, an individual, (hereinafter "Defendant Abdule"), originally identified as "John Doe 1",  is an individual who resides in Dawson County, Nebraska, and was the owner of tractor unit operated by Defendant Dubai Express Hauling, LLC at the time of the highway collision. Defendant Abdule may be served with summons at his last known address located at 2108 North Adams St. Apt 4, Lexington, Nebraska 68850.

13.     John and Jane Does 2-5 and ABC Corporations 6-10 are persons or entities whose conduct, true names and identities are unknown at this time. Plaintiff requests leave to amend this pleading when that information is discovered.

14.     All of the acts and omissions of Defendants alleged in this First Amended Complaint were acts and omissions which occurred through their employees who were acting within the scope of their employment and are acts and omissions for which the Defendants are vicariously liable under theories of *respondeat superior*.

15.     This First Amended Complaint is brought against all employees and agents of Defendants involved in this incident and against the officers, directors, managerial agents, supervisors, and safety personnel for Defendants who set policy or who play an active or passive role in the policy making and/or in the hiring, training, and supervision of the employees of the Defendants.

16.     Defendants, as legal entities, can only act through their officers, directors, employees, members, and agents.  As the employers of those who set policy and play either in an active or passive role in the hiring, training, and supervision of the employees and members, the

5

Defendants are responsible for their tortious acts and/or omissions which were the direct and proximate cause of the death of Stephanie Chasar.

17.     With regard to all acts and omissions referred to in this First Amended Complaint, Defendants are responsible for their own, independent negligent acts and omissions as well as the acts and omissions of their employees, members, and agents, and are jointly and severally liable for the death and damages alleged in this First Amended Complaint.

## JURISDICTION AND VENUE

18.     Jurisdiction and venue are proper in the District Court of Santa Fe, New Mexico, pursuant to N.M.S.A. Section 38-3-l(A and B) (1978). Santa Fe is the county in which Dennis P. Murphy, Esq., the personal representative of the Estate of Stephanie Chasar, resides.

19.     In his representative capacity, Mr. Murphy has complained of wrongful death of Stephanie Chasar for the benefit of the statutory beneficiaries as authorized by NMSA §§ 41-2-1 and 41-2-4, in Santa Fe County, Case No. D-101-CV-2022-00749, before the Honorable Bryan Biedscheid.

## STATEMENT OF FACTS

20.     On or about February 18, 2022, at approximately 8:00 p.m., Stephanie Chasar and her son, Mckenna Alboreo, were driving a U-Haul truck, traveling east on US Highway 54 in Quay County, New Mexico.

21.     Upon information and belief, Defendant Ismail, in the course and scope of his employment with Defendant Dubai, was traveling west on US Highway 54 in Quay County, New Mexico, when he attempted to pass another semi-truck in a no passing lane and around a blind curve.

22.     Upon information and belief Defendant Ismail was unable to complete his pass and while in the east lane of travel saw the Chasar vehicle and crashed head-on into it.

23.     Defendant Ismail failed to properly and legally drive his vehicle in the correct lane causing this head-on collision with the Chasar/Alboreo vehicle.

24.     As a result of this head-on collision with the Chasar/Alboreo vehicle, Stephanie Chasar was pronounced dead at the scene.

25.     Stephanie Chasar is survived by her husband Steven Chasar, and her two adult sons, Zachary Alboreo and Mckenna Alboreo.

### COUNT 1 – NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

26.     Plaintiff incorporates by reference the allegations contained in the preceding of this First Amended Complaint as if fully set forth herein.

***Negligence Per Se***

27.     At all times pertinent hereto there were in force and effect, state and federal statutes that were enacted for the safety of the public at large, including Stephanie Chasar and Mckenna Alboreo.

28.     The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendants Ismail and Dubai.

39.     In addition, the New Mexico State Motor Carrier Safety Act and Traffic laws apply to trucks operating within the State of New Mexico.

30.     There were in force and effect FMCSR regulations that may have been violated by Defendant Dubai, including but not limited to the following:

a.   FMCSR 383.35 and 391.23 regarding background investigation of drivers;

7

b.   FMCSR 391.11 regarding driver qualifications;

c.   FMCSR 391.13 regarding driver training;

d.   FMCSR 391.25 regarding annual review of driver safety;

e.   FMCSR 391.27 regarding annual reports of driving violations;

f.   FMCSR 391.31 regarding driver road testing.

g.   FMCSR 391.51 regarding qualification and records files;

h.   FMCSR 395.3 regarding hours of operation; and,

i.   FMCSR 395.8 regarding driver duty status logs.

31.   At the time of the aforesaid collision, there were in force and effect FMCSR regulations that may have been violated by Defendant Ismail, including but not limited to the following:

a.   66-7-301(b)(l) NMSA (1978) requiring that in every event speed be so controlled by the driver as may be necessary to avoid colliding with any person;

b.   66-7-301(b)(2) NMSA (1978) - in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

c.   66-8-113 NMSA (1978) - reckless driving;

d.   66-8-114 NMSA (1978) - careless driving;

e.   65-3-11 NMSA (1978) - hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status;

    f.  65-3-7 NMSA (1978) - qualifications of drivers;

    g.  65-3-8 NMSA (1978) - equipment; loading; driving; unsafe practices; and

    h.  65-3-9 NMSA (1978)  - commercial motor vehicles; equipment; regulations.

32.    As a direct and proximate result of violations of the above statutes and regulations, Plaintiff has and will continue to suffer injuries and damages in an amount to be proved at trial.

33.    At all times pertinent hereto, Defendant Ismail failed to act reasonably in his operation of the Defendant Dubai's tractor trailer. At the time of the incident, Defendant Ismail was acting as an agent or employee of Defendant Dubai within the course and scope of his employment. Defendant Dubai is liable for the acts or omissions of their employees, agents, apparent agents, representatives and/or designees under the doctrine of *Respondeat Superior*.  As the owner of the tractor unit used by Dubai, Abdule is liable for damages.

34.    Defendant Ismail was negligent and breached his duty to Stephanie Chasar and McKenna Alboreo, and the public, at the above time and place in at least the following respects:

    a.  operating the vehicle in a careless and reckless manner;

    b.  failing to have his vehicle under proper control;

    c.  failing to safely apply brakes to avoid a collision;

    d.  failing to maintain a safe speed;

    e.  failing to keep a proper lookout; and

    f.  failing to use due care.

35.    As a direct and proximate result of Defendant Ismail's negligence, as set forth above, Plaintiff suffered serious injuries and damages in an amount to be proven at trial.

36.    Defendant Ismail's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

37.    Defendant Dubai's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

***Negligent Hiring, Supervision, Training and Retention***

38.    Upon information and belief, the tractor trailer driven by Defendant Ismail was owned by Defendant Abdule, operated by Defendant Dubai and was negligently entrusted to Defendant Ismail.

39.    Defendant Dubai is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the road truck driver.

40.    Defendant Dubai had a duty of care to hire, supervise and train its employees to drive their tractor trailer in a reasonable and safe manner.

41.    Defendant Dubai breached its duty to exercise reasonable car and acted negligently and careless in hiring, supervising and training Defendant Ismail for the duties which Defendant Dubai could foresee and expect Defendant Ismail to perform in the course of his employment.  As owner of the tractor unit, Abdule is also liable for breaches of duty.

42.    As a direct and proximate result of Defendant's negligence, as set forth above, the Plaintiff has suffered injuries and damages in an amount to be proved at trial.

***Negligent Brokering, Leasing, and Trailer Ownership***

43.    Upon information and belief, the tractor trailer driven by Defendant Ismail was hauling a trailer owned by Trident.  The trailer was part of the vehicle causing the death of Stephanie Chasar.  The trip to carry a load through New Mexico involved shipper/broker/carrier XPO Logistics, LLC, with Bedrock Logistics, LLC acting as shipper/broker/carrier, Jacobsen Logistics Company acting as shipper/broker/carrier/forwarding agent, with shipper/broker/carrier

10

Jacobsen Transportation Company.  Said defendants had a duty of care in selecting the motor vehicle carrier who would carry the load broker and for which a trailer was provided.

44.   Said defendants breached their duty to exercise reasonable care and acted negligently and carelessly in brokering the transportation of the cargo by selecting Dubai Express Haul LLC and providing a trailer to Dubai Express Haul LLC to transport the interstate cargo.

45.   As a direct and proximate result of the negligence of defendants Trident, XPO Logistics, LLC, Bedrock Logistics, LLC, Jacobsen Logistics Company, and Jacobsen Transportation Company, Plaintiff has suffered injuries and damages in an amount to be proved at trial.

## COUNT II – LOSS OF CONSORTIUM
## AGAINST ALL DEFENDANTS

46.   Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this First Amended Complaint as if fully set forth herein.

47.   Plaintiff had an intimate familial relationship with his spouse, Stephanie Chasar. Plaintiff cannot enjoy life in the same way now that Defendants have severed their relationship and caused the Plaintiff emotional distress due to the loss of the society, guidance, companionship, and sexual relations of his spouse.

48.   It was reasonably foreseeable to the Defendants that, by causing Stephanie Chasar's death, they would damage Plaintiff's relationship with his spouse.

## COUNT III – DAMAGES
## AGAINST ALL DEFENDANTS

49.   As a result of the acts and/or omissions of Defendants, Stephanie Chasar has suffered emotional distress and is entitled to an award for damages including, but not limited to the following:

a.   Severe emotional distress due to the death of Plaintiff's wife;

11

     b.     Loss of love, companionship, comfort, care, assistance, protection,

           affection, society, moral support, advice, guidance, and training;

     c.     Loss of benefits including the marital relationship.

50.     Defendants' actions were malicious, willful, wanton, reckless, and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff demands judgment be entered against the Defendants and in Plaintiff's favor awarding him damages as set forth above, punitive damages, pre-judgment and post-judgment interest, and court costs as allowed by law.

Dated: August 15, 2023            Respectfully submitted,

                            **WISNER BAUM LLP**

                            By: *__/s/ Timothy A. Loranger__*
                            Timothy A. Loranger, Esq., *pro hac vice*
                            tloranger@wisnerbaum.com
                            Matthew P. French, Esq. *pro hac vice*
                            mfrench@wisnerbaum.com
                            11111 Santa Monica Blvd., Ste 1750
                            Los Angeles, CA 90025
                            P: (310) 207-3233 F: (310) 820-7444

                            **WEEMS HAZEN LAW**

                            By: *__/s/ Mallory Wolff__*
                            Mallory Wolff
                            *Local Counsel for Plaintiff*
                            108 Wellesley Drive SE
                            Albuquerque, NM 87106
                            Phone: (505) 247-4700
                            mallory@weemshazenlaw.com
                            *Attorneys for Plaintiff*

**JURY DEMAND**

Plaintiff hereby respectfully demands a trial by jury in this case.

By: */s/ Mallory Wolff*
Mallory Wolff

13

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
9/22/2023 9:14 AM
KATHLEEN VIGIL CLERK OF THE COURT
Esmeralda Miramontes

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

               Plaintiffs,

       v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

               Defendants.


STEVEN CHASAR,

               Plaintiff,

       v.

DUBAI EXPRESS HAUL, LLC,
A FOREIGN CORPORATION;
ABDIFATAH MAHAMED ISMAIL and
JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE;
XPO LOGISTICS, LLC;
BEDROCK LOGISTICS, LLC;
JACOBSON LOGISTICS COMPANY;
JACOBSON TRANSPORTATION COMPANY INC.;
TRIDENT LEASING, INC.;
ABDIHAMID ABDULE, an individual;
JOHN and JANE DOES 1-5;
and ABC CORPORATIONS 1-5.

               Defendants.

No. D-101-CV-2022-00749
No. D-101-CV-2022-02372
Case assigned to Biedscheid, Bryan

1

**STIPULATION OF SERVICE OF SUMMONS ON ABDIFATAH MAHAMED ISMAIL**

Plaintiff Steven Chasar, by and through his counsel of record Wisner Baum LLP (Matthew P. French, Esq.) and Defendant Abdifatah Mahamed Ismail by and through his counsel of record Stiff, Garcia & Associates, LLC (JohnS. Stiff, Esq.) stipulate that in order to move the case forward without further delay, Defendant Ismail has been validly served by and through his counsel, Mr. Stiff as of September 5, 2023.

**SO STIPULATED:**

Dated: September 19, 2023

**WISNER BAUM LLP**

By: */s/ Matthew P. French*
Timothy A. Loranger, Esq., pro hac vice
tloranger@wisnerbaum.com
Matthew P. French, Esq. pro hac vice
mfrench@wisnerbaum.com
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
P: (310) 207-3233 F: (310) 820-7444

**WEEMS HAZEN LAW**

By: */s/ Mallory Wolff*
Mallory Wolff
*Local Counsel for Plaintiff*
108 Wellesley Drive SE
Albuquerque, NM 87106
Phone: (505) 247-4700
mallory@weemshazenlaw.com
*Attorneys for Plaintiff Steven Chasar*

Dated: September 19, 2023

**STIFF, GARCIA & ASSOCIATES, LLC**

By: */s/ John Stiff* (approved via email)
John Field Simms Stiff, Sr.
500 Marquette Ave NW, Suite 1400
Albuquerque, New Mexico 87102
Telephone (505) 243-5755
jstiff@stifflaw.com
*Attorneys for Defendant Dubai Express Haul, LLC*

2

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO. A SINGLE MAN; AND
DENNIS P. MURPHY, ESQ., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHANIE CHASAR, DECEASED,

      Plaintiff,

v.                           No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES 1-
5; and ABC CORPORATIONS 1-5.

      Defendants.

## NOTICE OF SERVICE

    I HEREBY certify that on, October 2, 2023, Summons on First Amended Complaint and

Plaintiff's First Amended Complaint, were served to the below recipient. *See* **Exhibit A**.

Bedrock Logistics, LLC
c/o Michael Bently, CPA
2501 N Harwood, Ste. 2600
Dallas, TX 75201

                    Respectfully Submitted,

                    **WISNER BAUM, LLP**

          By:   ***/s/ Matthew French***
                    Matthew P. French
                    *Pro Hac Vice*
                    11111 Santa Monica Blvd., Ste. 1750
                    Los Angeles, CA 90025
                    Phone: (310) 207-3233
                    mfrench@wisnerbaum.com

**WEEMS HAZEN LAW**

By:  ___*/s/ Mallory Wolff*_____
     Mallory Wolff
     *Attorney for Plaintiff*
     106 Wellesley Dr SE
     Albuquerque NM  87106
     Phone: (505) 247-4700
     mallory@weemslaw.com

## AFFIDAVIT OF SERVICE

| Case:<br>D-101-CV-2022-00749;<br>D-101-CV-2022-02372 | Court:<br>STATE OF NEW MEXICO, COUNTY OF<br>SANTA FE, FIRST JUDICIAL DISTRICT<br>COURT | County:<br>SANTA FE, NM | Job:<br>9656742 (092723-1) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>MCKENNA ALBOREO, A SINGLE MAN; and DENNIS P. MURPHEY,<br>ESQ., AS PERSONAL REPRESENTATIVE OF THE ESTATE OF STEPHANIE<br>CHASAR, DECEASED | | Defendant / Respondent:<br>DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION, et al | |
| Received by:<br>DALLAS CIVIL PROCESS AND LEGAL SUPPORT SERVICE | | For:<br>Wisner Baum | |
| To be served upon:<br>BEDROCK LOGISTICS, LLC | | | |

I, BILL BOYETT, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   BEDROCK LOGISTICS, LLC c/o Michael Bentley, CPA, 2501 N Harwood St 2600, Dallas, TX 75201
Manner of Service:   Authorized, Oct 2, 2023, 1:15 pm CDT
Documents:   SUMMONS ON FIRST AMENDED COMPLAINT; FIRST AMENDED COMPLAINT (Received Sep 26, 2023 at 7:07pm CDT)

Additional Comments:
1) Successful Attempt: Oct 2, 2023, 1:15 pm CDT at 2501 N Harwood St 2600, Dallas, TX 75201 received by BEDROCK LOGISTICS, LLC c/o Michael Bentley, CPA. Age: 60; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'9"; Hair: Blond;

_Bill Boyett_   10-3-23
BILL BOYETT  PSC 5310  EXP 06-30-2024     Date

DALLAS CIVIL PROCESS AND LEGAL SUPPORT SERVICE
113 LAKEVIEW DR.
SUNNYVALE, TX 75182
214-202-6733

Subscribed and sworn to before me by the affiant who is
personally known to me.

_Janessa R Boyett_
Notary Public
10-3-23                          7-24-26
Date                Commission Expires

JANESSA R BOYETT
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 07/24/26
NOTARY ID 1129720-5

EXHIBIT A

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO. A SINGLE MAN; AND
DENNIS P. MURPHY, ESQ., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHANIE CHASAR, DECEASED,

      Plaintiff,

v.                                     No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES 1-
5; and ABC CORPORATIONS 1-5.

      Defendants.

## <u>NOTICE OF SERVICE</u>

I HEREBY certify that on, October 2, 2023, Summons on First Amended Complaint and

Plaintiff's First Amended Complaint, were served to the below recipient. *See* **Exhibit A**.

Jacobson Logistics, LLC
c/o Tammi Daily, Office Manager
1275 128th St., Ste. 100
Clive, IA 50325

                         Respectfully Submitted,

                         **WISNER BAUM, LLP**

               By:   ***/s/ Matthew French***
                       Matthew P. French
                       *Pro Hac Vice*
                       11111 Santa Monica Blvd., Ste. 1750
                       Los Angeles, CA 90025
                       Phone: (310) 207-3233
                       mfrench@wisnerbaum.com

WEEMS HAZEN LAW

By: ___/s/ Mallory Wolff_____

Mallory Wolff
*Attorney for Plaintiff*
106 Wellesley Dr SE
Albuquerque NM  87106
Phone: (505) 247-4700
mallory@weemslaw.com

STATE OF NEW MEXICO COUNTRY OF SANTA FE FIRST JUDICIAL DISTRICT

CASE NO.: D-101-CV-2022-00749

### AFFIDAVIT OF SERVICE

**McKenna Alboreo et. al.**

     Plaintiff/Petitioner,

vs.

**Dubai Express Haul LLC et. al.**

     Defendant/Respondent.

Received by **Attorney's Choice** on **09/27/2023** to be served upon:

**Jacobsen Logistics LLC**

**STATE OF IOWA
COUNTY OF POLK     ss.**

I, **Brett McCormick**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **10/02/2023** at **04:07 PM**, I served the **Summons & Complaint** on **Jacobsen Logistics LLC** at **1275 128th Street Suite 100, Clive, IA 50325** in the manner indicated below:

**CORPORATE SERVICE:** I served the same on the above company, corporation, government official, etc, by delivering a copy to the person named and described below at the address shown above. :

NAME: **Tammi Daily** TITLE/RELATION: **Office Manager**

Comments/Prev Attempts: **The defendant is now dba XPO Logistics**

Description of person served:
**Sex: Female - Age: 40's - Skin: White - Hair: Dk. Brown - Height: 5'7 - Weight: 165**

Fee For Service:

Sworn to and subscribed before me on this

3rd day of October, 2023

by an affiant who is personally known to
me or produced identification.



X _____
  Brett McCormick

NOTARY PUBLIC

Independent Contractor for:

Attorney's Choice
2400 86th Street, Ste 4
Urbandale, IA  50322
877-827-2909
Atty File#: **D-101-CV-2022-00749** - Our File# **91998**

**ERIC McCORMICK**
Commission Number 837431
My Commission Expires
February 14, 2025

EXHIBIT A

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO. A SINGLE MAN; AND
DENNIS P. MURPHY, ESQ., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHANIE CHASAR, DECEASED,

      Plaintiff,

v.                                    No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES 1-
5; and ABC CORPORATIONS 1-5.

      Defendants.

## NOTICE OF SERVICE

    I HEREBY certify that on, October 2, 2023, Summons on First Amended Complaint and

Plaintiff's First Amended Complaint, were served to the below recipient. *See* **Exhibit A**.

Jacobson Transportation Company
c/o Tammi Daily, Office Manager
1275 128th St., Ste. 100
Clive, IA 50325

                     Respectfully Submitted,

                     **WISNER BAUM, LLP**

           By:    ***/s/ Matthew French***
                     Matthew P. French
                     *Pro Hac Vice*
                     11111 Santa Monica Blvd., Ste. 1750
                     Los Angeles, CA 90025
                     Phone: (310) 207-3233
                     mfrench@wisnerbaum.com

**WEEMS HAZEN LAW**

By: ___*/s/ Mallory Wolff*_____
        Mallory Wolff
        *Attorney for Plaintiff*
        106 Wellesley Dr SE
        Albuquerque NM  87106
        Phone: (505) 247-4700
        mallory@weemslaw.com

STATE OF NEW MEXICO COUNTRY OF SANTA FE FIRST JUDICIAL DISTRICT

CASE NO.: D-101-CV-2022-00749

### AFFIDAVIT OF SERVICE

**McKenna Alboreo et. al.**

Plaintiff/Petitioner,

vs.

**Dubai Express Haul LLC et. al.**

Defendant/Respondent.

─────────────────────────────────/

Received by **Attorney's Choice** on **09/27/2023** to be served upon:

**Jacobsen Transportation Company**

STATE OF IOWA
COUNTY OF POLK    ss.

I, **Brett McCormick**, being duly sworn on oath, and over the age of 18 years, do hereby depose and state that:

On **10/02/2023** at **04:07 PM**, I served the **Summons & Complaint** on **Jacobsen Transportation Company** at **1275 128th Street Suite 100, Clive, IA 50325** in the manner indicated below:

**CORPORATE SERVICE:** I served the same on the above company, corporation, government official, etc, by delivering a copy to the person named and described below at the address shown above.

NAME: **Tammi Daily** TITLE/RELATION: **Office Manager**

Comments/Prev Attempts: **The defendant is now dba XPO Logistics**

Description of person served:
**Sex: Female - Age: 40's - Skin: White - Hair: Dk. Brown - Height: 5'7 - Weight: 165**

Fee For Service:

Sworn to and subscribed before me on this

3rd day of October, 2023

by an affiant who is personally known to
me or produced identification.

─────────────────────────────
NOTARY PUBLIC

X ─────────────────────
  Brett McCormick

Independent Contractor for:

Attorney's Choice
2400 86th Street, Ste 4
Urbandale, IA  50322
877-827-2909
Atty File#: **D-101-CV-2022-00749** - Our File# **91997**



ERIC McCORMICK
Commission Number 837431
My Commission Expires
February 14, 2025

EXHIBIT A

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO. A SINGLE MAN; AND
DENNIS P. MURPHY, ESQ., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHANIE CHASAR, DECEASED,

      Plaintiff,

v.                                    No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES 1-
5; and ABC CORPORATIONS 1-5.

      Defendants.

## <u>NOTICE OF SERVICE</u>

    I HEREBY certify that on, October 2, 2023, Summons on First Amended Complaint and

Plaintiff's First Amended Complaint, were served to the below recipient. *See* **Exhibit A**.

Trident Leasing
c/o Becky Peterson
2900 S. City Lake Rd.
Fayetteville, AR 72701

                        Respectfully Submitted,

                        **WISNER BAUM, LLP**

    By:   ***/s/ Matthew French***
                     Matthew P. French
                     *Pro Hac Vice*
                     11111 Santa Monica Blvd., Ste. 1750
                     Los Angeles, CA 90025
                     Phone: (310) 207-3233
                     mfrench@wisnerbaum.com

**WEEMS HAZEN LAW**

By: ___*/s/ Mallory Wolff*_____
       Mallory Wolff
       *Attorney for Plaintiff*
       106 Wellesley Dr SE
       Albuquerque NM  87106
       Phone: (505) 247-4700
       mallory@weemslaw.com

IN THE DISTRICT COURT OF SANTA FE COUNTY, NEW MEXICO

MCKENNA ALBOREO, A SINGLE MAN; AND DENNIS P. MURPHEY, ESQ., AS PERSONAL REPRESENTATIVE OF THE          PLAINTIFF
ESTATE OF STEPHANIE CHASAR, DECEASED

VS.                                                                                                     NO. D-101-CV-
                                                                                                        2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN CORPORATION; ABDIFATAH MAHAMED ISMAIL AND JANE DOE MAHAMED        DEFENDANT
ISMAIL, HUSBAND AND WIFE; JOHN AND JANE DOES 1-5; AND ABC CORPORATIONS 1-5,

## SERVICE RETURN

STATE OF NEW MEXICO
COUNTY OF SANTA FE

On Mon, Oct 02 2023 at 11:07 o'clock am I have duly attempted service of the within *Summons, First Amended Complaint Summons - Trident Leasing.pdf* by delivering a copy of these same documents to the person and place stated below:

**Place:** 2900 S City Lake Rd, Fayetteville, AR 72701
**Person:** Trident Leasing

☐ On _____ I personally delivered the above named documents to Defendant _____ at _____ [place]; or

☐ After making my purpose to deliver the above named documents clear, on
   I left the above named documents in the close proximity of the defendant by,
   [describe how the above named documents were left] after he/she refused to receive it when I offered it to him/her; or

☐ On _____ I left the above named documents with _____ [name], a member of the
   defendant's family ( _____ ) [relationship] at least 18 years of age, at _____ [address], a
   place where the defendant resides; or

☒ On Mon, Oct 02 2023, at 11:07 o'clock am I delivered the above named documents to Becky Peterson [name of individual],
   an agent authorized by appointment or by law to receive service of above named documents on behalf of Trident Leasing
   [name of defendant]; or

☐ On _____ at _____ [address], where the defendant maintains an office or other fixed
   location for the conduct of business, during normal working hours I left the above named documents with
   _____ [name and job description]; or

☐ On _____ I served (name) _____ identified as the administrator of the (name), a jail,
   penitentiary, or other correctional facility in Arkansas where the Defendant was held at the time of service. *See* ARCP 4(f)
   (4).

☐ Other [specify]:

☐ I was unable to execute service because: _____

EXHIBIT A

| TO BE COMPLETED IF SERVICE IS BY A SHERIFF OR DEPUTY SHERIFF: |
|---|

SHERIFF OF _____ COUNTY, ARKANSAS

Date: _____

By: _____          _____
    Signature of server                                    Printed name, title, and badge number

| TO BE COMPLETED IF SERVICE IS BY A PERSON OTHER THAN A SHERIFF OR DEPUTY SHERIFF: |
|---|

Date:     10/03/2023 _____     By:  _____
                                                        Signature of server
Phone:    (479) 544-7004 _____        Nathan Langston
                                                        Printed name
Address:  Patton Legal Services, P.O. Box 2384 Bentonville, AR 72712

Subscribed and sworn to before me this date: 10/03/2023

_____          Seal:      **Cody Patton**
                                                              Benton County Arkansas
                                                              NOTARY PUBLIC – ARKANSAS
                                                              My Commission Expires November 20, 2030
                                                              Commission No. 12712550

Additional information regarding service or attempted service:
10/02/23, 11:07 am CDT          Registered Agent          2900 S City Lake Rd, Fayetteville, AR 72701,

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 2:24 PM
KATHLEEN VIGIL CLERK OF THE COURT
Sharon Atencio

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

MCKENNA ALBOREO. A SINGLE MAN; AND
DENNIS P. MURPHY, ESQ., AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF
STEPHANIE CHASAR, DECEASED,

      Plaintiff,

v.                                                                      No. D-101-CV-2022-00749

DUBAI EXPRESS HAUL, LLC, A FOREIGN
CORPORATION; ABDIFATAH MAHAMED
ISMAIL and JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE; JOHN and JANE DOES 1-
5; and ABC CORPORATIONS 1-5.

      Defendants.

## NOTICE OF SERVICE

I HEREBY certify that on, September 27, 2023, Summons on First Amended Complaint and

Plaintiff's First Amended Complaint, were served to the below recipient. *See* **Exhibit A**.

XPO Logistics, LLC
c/o Beth Barnett
11215 N. Community House Rd.
Charlotte, NC 28277

               Respectfully Submitted,

               **WISNER BAUM, LLP**

      By:   ***/s/ Matthew French***
               Matthew P. French
               *Pro Hac Vice*
               11111 Santa Monica Blvd., Ste. 1750
               Los Angeles, CA 90025
               Phone: (310) 207-3233
               mfrench@wisnerbaum.com

**WEEMS HAZEN LAW**

By:  */s/ Mallory Wolff*
          Mallory Wolff
          *Attorney for Plaintiff*
          106 Wellesley Dr SE
          Albuquerque NM  87106
          Phone: (505) 247-4700
          mallory@weemslaw.com

## AFFIDAVIT OF SERVICE

| State of New Mexico | County of Santa Fe | District Court |
|---|---|---|

Case Number: 4246315357735461

Plaintiff:
**Steven Chasar**

vs.

Defendant:
**Dubai Express Haul, LLC**

For:
Wisner Baum
11111 Santa Monica Boulevard, Suite 1750
Los Angeles, CA 90025

Received by Action Legal Process to be served on **XPO Logistics, LLC, 11215 N. Community House Road, Charlotte, NC 28277.**

I, Kyran McShaw, being duly sworn, depose and say that on the **27th day of September, 2023** at **12:48 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons on First Amended Complaint;First Amended Complaint** with the date and hour of service endorsed thereon by me, to: **Beth Barnett** as **receptionist** for **XPO Logistics, LLC**, at the address of: **11215 N. Community House Road, XPO Logistics, LLC n/k/a RXO Logistics, Charlotte, NC 28277**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 57, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Blonde, Glasses: Y

I certify that I am over the age of 18 and have no interest in the above action.

Subscribed and Sworn to before me on the 3rd
day of October , 2023 by the affiant
who is personally known to me by presenting photo
identification.

NOTARY PUBLIC

STATE OF SC

COUNTY OF York

Kyran McShaw

**Action Legal Process**
**6812 N. Oak Trafficway**
**Suite 2**
**Kansas City, MO 64118**
**(888) 511-1919**

Our Job Serial Number: RTI-2023030548
Ref: Chasar

*Notary seal: MARGARET DECKER, NOTARY PUBLIC, STATE OF SOUTH CAROLINA, My Commission Expires 11-09-2026*

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2r

EXHIBIT A

FILED  1st JUDICIAL DISTRICT COURT
Santa Fe County
10/5/2023 4:44 PM
KATHLEEN VIGIL CLERK OF THE COURT
Jacqueline Rosales Juarez

**FIRST JUDICIAL DISTRICT COURT**
**COUNTY OF SANTA FE**
**STATE OF NEW MEXICO**

MCKENNA ALBOREO, A SINGLE MAN;
and DENNIS P. MURPHY, ESQ.,
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF STEPHANIE CHASER,
DECEASED,

         Plaintiffs,

v.

DUBAI EXPRESS HAUL, LLC, A
FOREIGN CORPORATION; ABDIFATAH
MAHAMED ISMAIL AND JANE DOE
MAHAMED ISMAIL, HUSBAND AND WIFE;
JOHN AND JANE DOES 1-5; AND ABC
CORPORATIONS 1-5.

         Defendants.

No.:   D-101-CV-2022-00749
No.:   D-101-CV-2022-02372

STEVEN CHASAR

         Plaintiff,

v.

DUBAI EXPRESS HAUL, LLC,
A FOREIGN CORPORATION;
ABDIFATAH MAHAMED ISMAIL and
JANE DOE MAHAMED ISMAIL,
HUSBAND AND WIFE;
XPO LOGISTICS, LLC;
BEDROCK LOGISTICS, LLC;
JACOBSON LOGISTICS COMPANY;
JACOBSON TRANSPORTATION COMPANY INC.;
TRIDENT LEASING, INC.;
ABDIHAMID ABDULE, as individual;
JOHN and JANE DOES 2-5;
and ABC CORPORATIONS 6-10,

         Defendants.

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Defendant, ABDIFATAH MAHAMED ISMAIL, by and through his attorney of record STIFF, GARCIA & ASSOCIATES, LLC (John S. Stiff, Esq.), and for his Answer to Plaintiff's Amended Complaint for Damages states as follows:

## FIRST DEFENSE

This Defendant's answer to the Complaint does not waive his 5th Amendment rights under the New Mexico and United States Constitutions, which rights are hereby asserted.

## PARTIES

1.      Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and placing his denial upon the same, demands strict proof thereof.

2.      Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint and placing his denial upon the same, demands strict proof thereof.

3.      Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 3 of Plaintiff's Complaint and placing his denial upon the same, demands strict proof thereof.

4.      This Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint and demands strict proof thereof.

5.      This Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint and demands strict proof thereof and states that he is a resident of the State of Nebraska. .

6.      The allegations contained in Paragraph 6 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

8.      The allegations contained in Paragraph 8 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

9.      The allegations contained in Paragraph 9 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

11.     The allegations contained in Paragraph 11 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

13.     The allegations contained in Paragraph 13 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

14.     The allegations contained in Paragraph 14 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations

to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

15.    The allegations contained in Paragraph 15 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

16.    The allegations contained in Paragraph 16 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

17.    The allegations contained in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

## JURISDICTION AND VENUE

18.    The allegations contained in Paragraph 18 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

19.     The allegations contained in Paragraph 19 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

## STATEMENT OF FACTS

20.     Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     This Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22.     This Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23.     This Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint and placing his denial upon the same, demands strict proof thereof.

25.     Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 25 of Plaintiff's Complaint and placing his denial upon the same, demands strict proof thereof.

## COUNT I – NEGLIGENCE AND NEGLIGENCE PER SE AGAINST ALL DEFENDANTS

26.    Defendant re-alleges Paragraphs 1-25 of his Answer and incorporates them herein.

### Negligent Per Se

27.    The allegations contained in Paragraph 27 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

28.    The allegations contained in Paragraph 28 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

29.    The allegations contained in Paragraph 29 (misnumbered as Paragraph 39) of Plaintiff's Complaint constitute conclusions of law and speculative statements. Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

30.    The allegations contained in Paragraph 30 of Plaintiff's Complaint constitute conclusions of law and speculative statements.   Under the Rules of Civil Procedure, no response is required.   To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

31.     The allegations contained in Paragraph 31 subparts a. through i. of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by this Defendant, these allegations are denied, and strict proof is demanded thereof.

32.     This Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33.     This Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34.     This Defendant denies the allegations contained in Paragraph 34 subparts a. through f. of Plaintiff's Complaint and demands strict proof thereof.

35.     This Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

36.     This Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint and demands strict proof thereof.

37.     The allegations contained in Paragraph 37 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

### *Negligent Hiring, Supervision, Training and Retention*

38.     This Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint and demands strict proof thereof.

39.     The allegations contained in Paragraph 39 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

40.     The allegations contained in Paragraph 40 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

41.     The allegations contained in Paragraph 41 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

42.     The allegations contained in Paragraph 42 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

### Negligent Brokering, Leasing, and Trailor Ownership

43.     The allegations contained in Paragraph 43 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or

deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

44.     The allegations contained in Paragraph 44 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

45.     The allegations contained in Paragraph 45 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

## COUNT II – LOSS OF CONSORTIUM
## AGAINST ALL DEFENDANTS

46.     Defendant re-alleges Paragraphs 1-45 of his Answer and incorporates them herein.

47.     The allegations contained in Paragraph 47 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

48.     The allegations contained in Paragraph 48 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or

deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

**COUNT III – DAMAGES**
**AGAINST ALL DEFENDANT**

49.    The allegations contained in Paragraph 49 of Plaintiff's Complaint are not directed as against this Defendant, this Defendant lacks authority with which to admit or deny these allegations, and no response is required under the New Mexico Rules of Civil Procedure.  If the Court finds that a response is required, these allegations are denied.

50.    This Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

As separate and alternative affirmative defenses, this Defendant states as follows:

1.    To the extent a jury determines that Defendant was negligent, which is specifically denied, this Complaint shall be governed by the doctrines of Comparative Fault and Comparative Negligence.  Plaintiff's recovery as against Defendant will be barred or reduced in proportion to the negligence and/or comparative fault of Plaintiff and/or third parties who are not employed by or otherwise under the control of Defendant, thereby barring such recovery or reducing such recovery in an amount proportionate.

2.      To the extent discovery so warrants, Plaintiff may have failed to mitigate his damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

3.      Plaintiff's Complaint fails to state a claim for which relief can be granted, either in whole or in part, thereby barring recovery herein.

4.      The award of punitive damages against Defendant would violate provisions of the New Mexico and United States Constitutions.  The procedures for awards of punitive damages in New Mexico do not provide safeguards adequate to ensure due process is guaranteed by the Fourteenth Amendment to the United States Constitution in that:

        a.      There are no statutory limits placed on the amount of punitive damage that a jury may award;

        b.      The jury is insufficiently limited in its discretion to award punitive damages;

        c.      The "preponderance of evidence" standard of proof, is not high enough to satisfy due process where a Defendant faces a punitive damage award.

5.      Plaintiff's Complaint for pre- and post-judgment interest fails to state a claim for which relief can be granted, thereby barring recovery herein.

6.      Plaintiff's Complaint for negligence per se is barred by the doctrine of excuse or justification in that the Defendant did that which a reasonable person would have done who desired to comply with the law.

7.     To the extent further discovery indicates additional affirmative defenses the Defendant(s) may raise additional matters through motion or in such other manner the Court deems just to avoid manifest injustice

WHEREFORE, Defendant ABDIFATAH MAHAMED ISMAIL, having answered Plaintiff's First Amended Complaint, prays that the Complaint be dismissed with prejudice, for an award of costs and attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STIFF, GARCIA & ASSOCIATES, LLC

By /s/ John S. Stiff
John S. Stiff, Esq.
Lyman S. Paul, Esq.
500 Marquette Avenue, NW, Ste 1400
Albuquerque, New Mexico 87102
Phone:        (505) 243-5755
E-mail:        jstiff@stifflaw.com
                 lpaul@stifflaw.com
*Attorneys for Defendant Dubai Express Haul, LLC and Abdifatah Mahamed Ismail*

I HEREBY CERTIFY that on the 5th day of October, 2023, the foregoing was electronically filed through the Odyssey File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Heather A. Cornwell, Esq.
Breyer Law Office, P.C.
34840 E. Ray Road
Phoenix, AZ 85004
Phone:        (480) 660-4432 X 5221
E-mail:        heather@breyerlaw.com

{00562914}                                                  13

*Attorney for Plaintiff McKenna Alboreo*
*and Dennis P. Murphy, Esq., as P.R.*
*of the Estate of Stephanie Chasar*


Timothy A. Loranger, Esq., pro hac vice
Matthew P. French, Esq., pro hac vice
Wisner Baum LLP
11111 Santa Monica Blvd., Ste 1750
Los Angeles, CA 90025
Phone:      (310) 207-3233
E-mail:     tloranger@wisnerbaum.com
            Mfrench@wisnerbaum.com

*AND*

Mallory Wolf, Esq.
Weems Hazen Law
106 Wellesly Drive SE
Albuquerque, NM 87106
Phone:      (505) 247-4700
E-Mail:     mallory@weemshazenlaw.com
*Attorneys for Plaintiff Steven Chasar*


  */s/ John S. Stiff*
John S. Stiff, Esq.
Lyman S. Paul, Esq.
.